MILWAUKEE AUTOMOBILE INSURANCE COMPANY, LIMITED, MUTUAL, Appellant, vs. FELTEN and another, Respondents.

*September 13—October 11, 1938.*

*D. J. Regan* of Milwaukee, for the appellant.

For the respondents there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, and oral argument by *Harold J. Sporer*.

FOWLER, J. A collision occurred between an automobile owned and operated by Elizabeth Felten and a truck owned by a trucking company. The plaintiff was the insurer of the truck and the defendant Hardware Mutual Casualty Company of the Felten car. A guest riding in the Felten car, which Elizabeth Felten, who will be hereinafter referred to as the "host," was driving, sued the trucking company and the plaintiff as its insurer to recover for injuries sustained in the collision, alleged to have been caused by negligence of the driver of the truck who was operating the truck on the business of the trucking company. Judgment went in favor of the guest, and the plaintiff paid the judgment. The plaintiff in the instant case sues the host and her insurer to recover one half the amount so paid, claiming that the guest's injuries were caused by the joint negligence of the host and the truck driver, and that the defendants are therefore liable for contribution. The defendants deny that the host was

negligent in the operation of her automobile, and as a separate defense allege that the host sued the trucking company and the plaintiff as its insurer to recover for injuries sustained by her in the collision alleged to have been caused solely by negligence of the truck driver; that the defendants in said action claimed the collision was caused by the negligence of the host; that by the verdict returned therein the host was acquitted of negligence; that the issue of her negligence was thus litigated in said action between her and the plaintiff, and the plaintiff is bound by the verdict rendered on said issue and estopped to litigate the issue again. The actions of the guest and the host against the truck company were tried together. The plaintiff demurred to the portion of the answer setting up the estoppel. The court overruled the demurrer and the plaintiff appeals from the order so ruling.

The appellant assigns two grounds of error in the ruling appealed from, which are stated under paragraphs (1) and (2) below.

(1) The plaintiff first claims that the finding of no negligence in the host's case did not create an estoppel against the plaintiff herein because the issues of negligence in the two cases were not the same; that in the host's case the issue was as to her contributory negligence, which involved violation of her duty to protect herself which was covered by the questions whether she was negligent in that respect, and whether, if so, this such negligence contributed to cause the collision; while in this case the issue as to her negligence is whether she violated her duty to protect her guest which was not to increase the danger which the guest assumed when she entered the car and which would be covered by the questions whether there were defects in the car known to her and unknown to the guest, that caused the collision, and whether the host used such care and skill as from her want of experi-

ence as known to the guest the guest might reasonably expect her to use. But neither experience nor skill of the host nor the condition of her car is involved as a ground of negligence in the instant case. The only charge of negligence against the host herein is that she failed to keep a proper lookout, to properly manage her automobile, and to come to a full stop before entering an arterial highway, and these failures rendered her liable to her guest. These were the matters directly involved and decided under the question of contributory negligence in the host's case. The question submitted on that issue in the host's case was: "Did the said Elizabeth Felten fail to exercise ordinary care in the following respects: (a) In that she failed to maintain a proper lookout; (b) in that she failed to properly manage and control her automobile; (c) in that she failed to come to a complete stop before entering an arterial highway?" The guest does not assume the risk of danger from such conduct of her host. *Poneitowcki v. Harres,* 200 Wis. 504, 228 N. W. 126.

(2) The plaintiff also claims that estoppels must be mutual, and that as the judgment which the plaintiff paid was rendered in the case of the host against the trucking company, to which the guest was not a party, the finding of no negligence on the part of the host would not be binding upon the guest and therefore cannot be asserted by the host for lack of mutuality. But this is beside the instant case. The guest is not asserting that the finding of no negligence is not a bar. She could not now so assert it because she has received full satisfaction for her injuries from a tort-feasor and could not recover again from another tort-feasor if there were another. It is not the guest, but the plaintiff who paid the judgment, that is claiming the prior finding is not a bar. That finding was rendered in a suit directly between the parties in the instant case wherein the facts on which it was based and on which the liability of the host is here claimed

were directly at issue between the plaintiff and the host. Those facts having been once determined adversely to the plaintiff in litigation directly between the plaintiff and the host they cannot be again litigated between them. This seems so plain as not to require citations of authority to support it, bearing in mind that the parties in the instant case and those in the case wherein the verdict was rendered are the same. The rule is thus stated in *Van Valkenburgh v. Milwaukee,* 43 Wis. 574, 580:

"A question of fact once litigated, and determined by the verdict of a jury and judgment thereon, is at rest between the same parties, and . . . neither party can thereafter be heard to deny the correctness of the adjudication [finding] in a collateral [another] action or proceeding."

It is also stated in *Grunert v. Spalding,* 104 Wis. 193, 213, 214, 80 N. W. 589:

"In a subsequent litigation between the same parties . . . upon a different cause of action [the situation here], the judgment is *only* conclusive as to those issues which were in fact adjudicated."

The word "only" implies that as to such matters as are litigated a verdict followed by judgment is conclusive. In the language quoted the "judgment" is stated to be conclusive, but strictly speaking it is the verdict rendered followed by judgment that is conclusive.

It is said in *Estate of Ryan,* 157 Wis. 576, 578, 147 N. W. 993:

"When it is claimed that the judgment [verdict followed by judgment] in one case determines the rights of the parties in another case upon a different cause of action it must appear that the questions were actually litigated and decided in the former case."

This implies that if it does appear that questions submitted by a verdict followed by judgment were actually litigated the verdict is conclusive. It appears here that the questions

as to negligence submitted in the former case are precisely the same as those it is proposed to submit in this. From Shepard's Annotations to Wisconsin Cases it appears that paragraph 7 of the syllabus in *Grunert v. Spalding, supra,* which covers the statement from the syllabus above quoted, has been referred to in support of rulings made in fifteen cases decided by this court. This indicates that the rule stated in the syllabus is established. See *Gray v. Lord,* 226 Wis. 403, 275 N. W. 432.

It is claimed by the plaintiff that the case of *Grant v. Asmuth,* 195 Wis. 458, 218 N. W. 834, rules the instant case in its favor, and at first blush this might seem correct. On reflection, however, it appears otherwise. In that case a husband and wife were riding in a car driven by the husband. The husband was a host and the wife a guest. A collision with another car occurred. The guest sued the driver of the other car to recover for injuries received in the collision, claiming the driver of the other car was negligent. The host also sued the other driver to recover for injuries received by him in the collision, also claiming negligence of the driver. The guest recovered. The host's case was dismissed on the ground that he was contributorily negligent, and contributory negligence at the time involved constituted a complete defense. The driver of the other car paid the judgment, and sued the host for contribution claiming he was jointly negligent with him in causing the guest's injuries. The complaint set out the verdict which found that the husband failed to exercise ordinary care for his own safety, and that this failure proximately contributed to the collision. The defendant by answer admitted the allegations of the complaint as to the rendition of the verdict, entry of judgment and payment, but denied negligence of the host, and asserted that the injury was caused solely by the negligence of the driver of the other car. The plaintiff thereupon moved

for judgment on the pleadings which motion was granted, and the host appealed. The judgment was reversed on the ground that the guest was not a party to the action wherein the host was found negligent, and the verdict was therefore not binding upon him, and he was entitled to a trial of that issue. The theory of the court on which the dismissal was based was that common liability is essential in an action for contribution; that by the verdict rendered no common liability was shown by the record to have existed, because the acts that rendered the husband contributorily negligent might not have rendered him liable to his wife. But the jury by another question submitted to them found that the host was guilty of want of ordinary care as to lookout, and although the jury found that this did not operate as a proximate cause of the collision the court changed the answer and the verdict as thus corrected constituted the verdict pleaded by the plaintiff in the contribution action. The *Grant Case* was decided before that of *Poneitowcki v. Harres, supra.* In the latter the court held that negligence of a host as to lookout, proximately causing an injury to a guest, rendered him liable to the guest. Thus in the *Grant Case* the facts on which a common liability rested were established. Negligence of the host as to lookout that proximately contributed to the collision having been established by the verdict, that fact not only fixed contributory negligence precluding recovery by the host, but it also fixed the fact that determined liability to the guest. It would seem that as the proposition of law forming the basis of the ruling in the *Grant Case* has been overruled, the decision is not authority for the proposition that it rules the instant case.

*By the Court.*—The order of the circuit court is affirmed.