CONNECTICUT INDEMNITY COMPANY, Appellant, vs.
PRUNTY, Administratrix, Respondent.*

*December 3, 1952—January 6, 1953.*

---

* Motion for rehearing denied, without costs, on March 3, 1953.

28

The cause was submitted for the appellant on the brief of *Walter Melchior* of Appleton, attorney, and *Bradford, Derber & Gabert* of Appleton of counsel, and for the respondent on the brief of *Ben G. Slater* of Milwaukee, attorney, and *A. W. Parnell* of Appleton of counsel.

MARTIN, J.   This is not a proper matter for summary judgment. The defendant in this action, while before the court in the previous actions that were consolidated for trial, was not a party nor was she impleaded as a defendant in the actions brought by Marie C. Prunty, individually, and Metal Mending Products against Vanden Berg and his insurer, the plaintiff here. No judgment could have been rendered against the estate of Felix L. Prunty since it was not a party to those actions.

Contribution is based on common liability, *Ellis v. Chicago & N. W. R. Co.* (1918), 167 Wis. 392, 167 N. W. 1048, and there can be no common liability here until Marie Prunty, as administratrix of the estate, is made a party to an action in which liability is found on the part of her intestate. *Grant v. Asmuth* (1928), 195 Wis. 458, 218 N. W. 834; *Western*

*Casualty & S. Co. v. Milwaukee G. C. Co.* (1933), 213 Wis. 302, 251 N. W. 491; *Milwaukee Automobile Ins. Co. v. Felten* (1938), 229 Wis. 29, 281 N. W. 637.

Consolidation of cases for trial does not operate to make each and every party in one case a party in each of the consolidated cases.

". . . consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan R. Co.* (1933), 289 U. S. 479, 496, 53 Sup. Ct. 721, 77 L. Ed. 1331.

Defendant contends that the issue of contribution is *res adjudicata* because the instant plaintiff's motion for contribution against the estate at the trial of the four previous cases was denied and such decision was not appealed from. The argument has no merit, since one of the elements necessary to make an issue *res adjudicata* is that the same parties shall have been involved.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.