McCourt, Appellant, vs. Algiers and another, Respondents.*

*June 4—June 26, 1958.*

* Motion for rehearing denied, with $25 costs, on October 7, 1958.

608

For the appellant there were briefs and oral argument by *Hilbert W. Dahms* of Oconomowoc.

For the respondents there was a brief by *Hale, Skemp, Hanson & Schnurrer* of La Crosse, and oral argument by *Thomas H. Skemp.*

WINGERT, J. It is our conclusion that the issues of negligence were *res judicata* in McCourt's favor by virtue of the verdict and judgment of the federal court, and that there should be a new trial on the sole question of McCourt's damages.

1. *Res judicata.* In Rude's action against McCourt's insurer in the federal court, McCourt's insurer complained against Algiers and his insurer for contribution to any payment which it might have to make to Rude, alleging causal negligence on the part of Algiers; and Algiers cross-complained against McCourt's insurer for $15,000 damages alleged to have resulted to him from McCourt's negligence. McCourt was not a party to the action. The question of negligence of McCourt and Algiers was thoroughly litigated, and the final determination was that McCourt was not negligent at all, and that the accident resulted solely from the negligence of Algiers.

In the present case McCourt sued Algiers and his insurer for her damages resulting from the same accident, and claimed that it resulted solely from Algiers' negligence. Were the defendants entitled to relitigate the question of negligence as between Algiers and McCourt, or are they bound by the determination of the federal court that Algiers alone was the negligent cause of the accident?

There can be no question that if McCourt had been a party to the action in the federal court, the determination of that court would have been *res judicata* in the present case. The issues in each case with respect to causal negligence were the same, and the parties would have been the same.

"Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action." (With exceptions not here pertinent.) Restatement, Judgments, p. 293, sec. 68 (1).

" 'The final adjudication is conclusive, in a subsequent action between the same parties, as to all matters which were litigated or which might have been litigated in the former proceedings.' " *Cohan v. Associated Fur Farms,* 261 Wis. 584, 597, 53 N. W. (2d) 788.

The difficulty here arises from the fact that while McCourt's insurer was a party to the federal court action, McCourt herself was not. In our opinion that fact does not destroy the conclusive effect of the federal court's determination with respect to the issues of causal negligence.

While McCourt was not in privity with her insurer Northwestern in the strict sense of that term, nevertheless there was a close relationship between them with respect to the negligence issues in the federal court. Any potential liability of Northwestern was wholly derived from McCourt and based upon her conduct. Algiers asserted his claim against Northwestern because Northwestern was her insurer, and founded the claim on the premise that she had been negligent. In defending against the claims of Rude and Algiers, Northwestern was in a sense representing McCourt. With respect to the negligence issues it stood in her shoes.

If the federal judgment be held not conclusive in the present case, then Algiers and his insurer are given the privilege of trying the same issues of fact twice, once against McCourt's insurer and again against McCourt herself. Fundamentally the doctrine of *res judicata* is based on the proposition that repeated litigation of identical issues is undesirable where not necessary to prevent unfairness. Normally persons not parties nor in privity with a party to an action are not bound by the determination therein, because it would be unfair to bind them when they had no opportunity to participate. In the present case, however, there is no unfairness in binding Algiers and his insurer by the outcome of their first "day in court." They were both parties in the federal court, in response to a claim for contribution by Mc-

Court's insurer. Algiers voluntarily elected to submit to the federal court his own claim against McCourt's insurer for his damages. Both of those claims directly presented the issues of negligence as between McCourt and Algiers. Algiers and his insurer were not merely nominal parties in the federal court, nor only perfunctorily concerned with the contest there. They both faced possible liability for contribution to the extent of one half of Rude's very substantial damages, which the jury fixed at $10,000 and which were much more serious than those of McCourt. Algiers asserted his own damages in his cross complaint at $15,000. Thus both of them had enough at stake to induce them to litigate the issues zealously and intensively, which they did.

Defendants contend that they cannot be concluded by the federal court determination in this action by McCourt, because McCourt would not have been concluded had the federal court found her negligent and Algiers not negligent, and the rule must work both ways, both parties being concluded or neither.

Such mutuality is not universally required in the operation of *res judicata*. *Good Health Dairy Products Corp. v. Emery*, 275 N. Y. 14, 17, 9 N. E. (2d) 758.

"This desirability for equality between litigating parties with reference to the rules of *res judicata* is not, however, of pervading importance and disappears when there are countervailing reasons for requiring one to be bound while the other is not." Restatement, Judgments, p. 473, sec. 96, comment *a*.

Here such countervailing reasons are present. McCourt would not have been concluded by a determination adverse to her, because she was not in court and had no opportunity to present her case. Algiers and his insurer are concluded because they had full opportunity to litigate the material issues with McCourt's insurer in the federal court, and did so, Algiers voluntarily choosing that forum to assert his own

claim. It would be unfair to bind McCourt; there is no unfairness in binding Algiers and his insurer. See Restatement, Judgments, p. 472, sec. 96 (1) (b), and comment *a*, pp. 473, 474.

We are impressed by the reasoning and decision of the court of appeals of New York in a somewhat similar case, *Good Health Dairy Products Corp. v. Emery*, 275 N. Y. 14, 9 N. E. (2d) 758. There, in a collision between a truck owned by Mary C. Emery and driven by her son and another vehicle owned by Good Health Dairy Products Corporation, both drivers were injured and both vehicles were damaged. Driver Emery sued Good Health and its driver in the city court and recovered judgment against them for his damages. Good Health and its driver then sued Mrs. Emery for their damages, under a statute making the automobile owner liable for the negligence of the driver. Mrs. Emery contended that the city court judgment in favor of her driver was *res judicata* on the issues of negligence. The court of appeals sustained that contention, although she had not been a party in the city court. The following extracts from the opinion are pertinent to the present case (pp. 18, 19) :

"Behind the phrase *res judicata* lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party *against* whom the plea is raised was a party to the prior action and 'had full opportunity to litigate the issue of its responsibility.' . . . Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.

". . . It is true that Mary C. Emery, not being a party to the earlier actions, and not having had a chance to litigate her

rights and liabilities, is not bound by the judgments entered therein, but, on the other hand, that is not a valid ground for allowing the plaintiffs to litigate anew the precise questions which were decided against them in a case in which they were parties."

2. *Damages.* The trial court found that plaintiff sustained damage by reason of medical and hospital expense in the sum of $132.90 and by reason of damage to her automobile in the sum of $322. The jury found that damages to her clothing were $50 and that damages sustained "by reason of her injury" were only $92.43. After verdict the trial court, without recorded comment, overruled motions for a new trial on the ground of inadequacy of damages indicating perversity, passion, and prejudice on the part of the jury, and in the interests of justice.

Plaintiff was unconscious when the doctor saw her at the hospital one and one-half hours after the accident. She had a severe contusion in her head, numerous lacerations of the hand, body, and leg, a lacerated wound of the chin, and a laceration of the knee that cut into the patellar tendon. She was in the hospital three days and lost a week from her work as a teacher. Her salary was $3,750 for the school year.

It is hard to see how the jury could have appraised plaintiff's damages from her injury, including loss of earnings and pain and suffering, at such a low figure as $92.43. Her loss of earnings alone amounted to that much. It is significant that the same jury also made an unjustifiably low award of damages to the passenger Rude in the companion case. We cannot escape the conclusion that justice has miscarried with respect to damages, and in the interests of justice we shall accordingly remand the case to the trial court for a new trial on the issue of damages only. Sec. 251.09, Stats.

*By the Court.*—Judgment reversed, with directions to grant a new trial on the sole issue of plaintiff's damages other than medical and hospital expense and damages to her

automobile and clothing, and to enter judgment for the plaintiff for the amount of damages thus determined, plus $504.90. Appellant may tax one half of the entire cost of printing the briefs and appendix filed jointly by the appellants in this case and in *Rude v. Algiers,* post, p. 615.

* Motion for rehearing denied, without costs, on October 7, 1958.