Agatha GORSKI, Pauline Kincl, Helen Urban, as administratrix of the Estate of Mary Kincl, deceased, and James Urban, Jr., a minor, by Theodore L. Priebe, his guardian ad litem, and James Urban, Sr., Plaintiffs,

v.

COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, a corporation, and William M. Sennett, Defendants and Third-Party Plaintiffs,

v.

John KINCL and American Automobile Insurance Company, a foreign corporation, Third-Party Defendants.

No. 59–C–187.

United States District Court
E. D. Wisconsin.

June 20, 1962.

Ray T. McCann and Leonard L. Loeb, Milwaukee, Wis., and James A. Dooley, Chicago, Ill., for plaintiffs.

Gerald T. Hayes, Milwaukee, Wis., for defendants and third-party plaintiffs.

William F. Donovan, Beloit, Wis., for defendant, William M. Sennett.

Suel O. Arnold, Milwaukee, Wis., for third-party defendants.

GRUBB, District Judge.

Motion by plaintiffs that a judgment entered in the United States District Court for the Western District of Wisconsin be held to be res adjudicata as to the finding of causal negligence on the part of the defendants and third-party defendants.

This action is brought to recover damages for personal injuries as a result of a collision on or about August 31, 1958, on Highway 89 in Walworth County, Wisconsin, between an automobile operated by the defendant, William M. Sennett, and insured by the defendant, Commercial Insurance Company of Newark, New Jersey, and an automobile operated by the third-party defendant, John Kincl, and insured by the third-party defendant, American Automobile Insurance Company. Plaintiffs were passengers in the automobile being operated by the defendant, John Kincl. There has been no defense of contributory negligence pleaded or claimed against any of the plaintiffs.

The motion is supported by an affidavit setting forth that the defendant, William M. Sennett, had theretofore commenced an action in the United States District Court for the Western District of Wisconsin against John Kincl and his insurer. In that action Kincl counterclaimed for his damages and injuries. The case

was tried before Judge Patrick T. Stone, and on October 20, 1960, the jury rendered a special verdict finding that both Kincl and Sennett were guilty of causal negligence. Under the comparative negligence law of the State of Wisconsin, the jury attributed 75 per cent of the causal negligence to Kincl and 25 per cent to Sennett. On October 31, 1960, Judge Stone entered judgment on that verdict.

In the action in the Western District of Wisconsin, the causal negligence of the defendants and third-party defendants in this action was litigated as was their comparative negligence.

The defendants not only made no objection to the granting of the motion in the instant case but affirmatively joined in the motion. The third-party defendants take the position that the plaintiffs herein were not parties to the litigation in the Western District and, therefore, cannot be bound by the judgment.

There is a growing tendency on the part of courts to permit a party who was not personally bound by a previous judgment to claim the benefit of the doctrine of res adjudicata against parties who were bound by it. Here the defendants and third-party defendants were bound by the prior judgment after having had and taken the opportunity of litigating the questions of the causal negligence and the comparative negligence of each in causing the accident. The Wisconsin Supreme Court has held that the doctrine of res adjudicata is applicable under such circumstances. Milwaukee Automobile Insurance Company v. Felten, 229 Wis. 29, 281 N.W. 637 (1938), and McCourt v. Algiers, 4 Wis.2d 607, 91 N.W.2d 194 (1958). In the latter case the court states at pages 612–613, at page 196 of 91 N.W.2d:

"Defendants contend that they cannot be concluded by the federal court determination in this action by McCourt, because McCourt would not have been concluded had the federal court found her negligent and Algiers not negligent, and the rule must work both ways, both parties being concluded or neither.

"Such mutuality is not universally required in the operation of res judicata. Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 17, 9 N.E.2d 758.

" 'This desirability for equality between litigating parties with reference to the rules of res judicata is not, however, of pervading importance and disappears when there are countervailing reasons for requiring one to be bound while the other is not.' Restatement, Judgments, p. 473, sec. 96, comment a.

"Here such countervailing reasons are present. McCourt would not have been concluded by a determination adverse to her, because she was not in court and had no opportunity to present her case. Algiers and his insurer are concluded because they had full opportunity to litigate the material issues with McCourt's insurer in the federal court, and did so, Algiers voluntarily choosing that forum to assert his own claim. It would be unfair to bind McCourt; there is no unfairness in binding Algiers and his insurer. See Restatement, Judgments, p. 472, sec. 96(1) (b), and comment a, pp. 473, 474."

The Wisconsin Supreme Court cited and quoted with approval from the case of Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401, and came to a similar conclusion.

In the instant case there is no claim of contributory negligence as to any of the plaintiff passengers. The defendants and third-party defendants have had their day in court on the question of their negligence and comparative negligence.

As stated in Good Health Dairy Products Corp. v. Emery, supra, 275 N.Y. at pages 18–19, 9 N.E.2d 758, 759, and as quoted by the Wisconsin Supreme Court

in McCourt v. Algiers, supra, 4 Wis.2d at pages 613–614, 91 N.W.2d at page 197:

"Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and 'had full opportunity to litigate the issue of its responsibility.' * * * Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.

*      *      *      *      *      *

" * * * It is true that Mary C. Emery, not being a party to the earlier actions, and not having had a chance to litigate her rights and liabilities, is not bound by the judgments entered therein, but, on the other hand, that is not a valid ground for allowing the plaintiffs to litigate anew the precise questions which were decided against them in a case in which they were parties."[1]

There is no reason to permit the drivers and their insurers to relitigate and retry the issues of negligence and comparative negligence.

As stated by the United States Court of Appeals for the Sixth Circuit in Davis v. McKinnon & Mooney, 266 F.2d 870 (1959), at page 873, quoting from Bernhard v. Bank of America Nat. Trust & Savings Ass'n, 19 Cal.2d 807, 122 P.2d 892 (1942), at page 895:

"No satisfactory rationalization has been advanced for the requirement of mutuality. Just why a party who was not bound by a previous action should be precluded from asserting it as res judicata against a party who was bound by it is difficult to comprehend. See 7 Bentham's Works, Bowring's Ed., 171. Many courts have abandoned the requirement of mutuality and confined the requirement of privity to the party against whom the plea of res judicata is asserted. Coca Cola Co. v. Pepsi-Cola Co., supra [36 Del. 124, 172 A. 260]; Liberty Mutual Insur. Co. v. George Colon & Co., 260 N.Y. 305, 183 N.E. 506; Atkinson v. White, 60 Me. 396; Eagle, etc., Insur. Co. v. Heller, 149 Va. 82, 140 S. E. 314, 57 A.L.R. 490; Jenkins v. Atlantic Coast Line R. Co., 89 S.C. 408, 71 S.E. 1010; United States v. Wexler, D.C., [1 Cir.] 8 F.2d 880. See Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E. 2d 758, 112 A.L.R. 401. The commentators are almost unanimously in accord. 35 Yale L.J. 607; 9 Va.L. Reg. (N.S.) 241; 29 Ill.L.Rev. 93; 18 N.Y.U.L.Q.R. 565, 570; 12 Corn. L.Q. 92. * * * "[2]

On March 27, 1962, the First Circuit held similarly in Haddad v. Border Express, Inc., 300 F.2d 885 (1962), stating at page 886:

" * * * The administrator having participated in the trial and litigated the same issues, these findings are res judicata against him to the extent that they are applicable. They are fully applicable. * * * "

See also Engelbrecht v. Bowen, 300 F. 2d 891 (9th Cir. 1962).

---

1. Quotation from Good Health Dairy Products Corp. v. Emery, 9 N.E.2d 758, at pages 759–760.

2. Quotation from Bernhard v. Bank of America Nat. Trust & Savings Ass'n, 19 Cal.2d 807, 122 F.2d 892, at page 895.

The decision in Rice v. Ringsby Truck Lines, 302 F.2d 550 (7th Cir. 1962), is not, in the opinion of this court, based upon similar circumstances, as the court there stated:

"Rice has not had his day in court by reason of the Rock Island litigation. He was not a party to that suit. He had no voice in the conduct of that suit. He had no right to examine witnesses or to take other action in order to protect his interests. * * * "

Here the defendants and third-party defendants have had their day in court and had the right of confrontation and cross-examination in the previous litigation involving the same identical issue as between them. The plaintiffs, the only ones not parties to the previous action, are the ones asserting the doctrine of res adjudicata, and as to them and as to this situation, the court believes that the modern rule should be applied and that the third-party defendants should not be permitted to relitigate the very issue that was litigated in the Western District.

The third-party defendants raise a question as to the effect of the decision of the Wisconsin Supreme Court in Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962), wherein the court changed the rule of contribution as between joint tort-feasors. It had previously held that regardless of the percentage of negligence as between joint tort-feasors having common liability to the plaintiff, contribution should be on the basis of 50 per cent each. In the Bielski case, the court changed the rule and set forth that contribution should be on the basis of the causal negligence attributable to each tort-feasor.

Applying the Bielski rule to the instant case, if Sennett pays any judgment rendered against him in favor of the plaintiffs, Sennett would be entitled to a judgment over against Kincl for contribution of 75 per cent of the judgment paid to plaintiffs to whom there is common liability.

While the Bielski decision changes the rule on percentages of contribution between joint tort-feasors, there is nothing in that decision which changed the basic matter being litigated between Sennett and Kincl and their insurers; namely, what percentage of the total causal negligence causing the accident was attributable to Sennett and what percentage to Kincl. The fact that the Wisconsin Supreme Court changed the rule as to contribution between them does not in any way affect the question of the percentage of comparative causal negligence. That question was fully litigated, and there would be no point in relitigating it because of the Bielski case.

There is a further question raised in the brief of the third-party defendants as to the Wisconsin Statute of Limitations. It is claimed that the statute has run on any claim the plaintiffs might have against the third-party defendants. Assuming this to be true, the implication from this bare statement presumably is that there can be no common liability to the plaintiffs so there can be no contribution. This question has been decided adversely to the third-party defendants by this court in Bosin v. Minneapolis, St. Paul & Sault Ste. Marie Railroad Company, 183 F.Supp. 820 (E.D.Wis. 1960), aff'd sub nom. Minneapolis, St. Paul & Sault Ste. Marie Railroad Company v. City of Fond du Lac, 297 F.2d 583 (7th Cir. 1961). In that case it was held that the failure to present a claim to the city council against the third-party defendant, City of Fond du Lac, as required by Wisconsin statutes, was not a bar to contribution as between the defendant and third-party defendant. It was pointed out that the right of contribution arises at the time of the joint concurring negligent acts. This right remains inchoate and contingent until one joint tort-feasor pays more than his proportionate share. Upon such payment the right becomes vested, certain, and ripens into a cause of action.

See also Ainsworth v. Berg, 253 Wis. 438, 34 N.W.2d 790, 35 N.W.2d 91 (1948), wherein it was held that in view

of the special nature of the right of contribution, such right cannot be defeated by the failure of the plaintiff to file the required timely notice of injury against the interpleaded joint tort-feasor under the pertinent Wisconsin statute. Similarly here, the fact that the plaintiff has made no claim against the third-party defendant within the statutory period would not prevent common liability and the right of contribution as between defendants and third-party defendants.

The court hereby finds that on the causal negligence as between Sennett and Kincl and their respective insurers, the judgment in the Western District of Wisconsin is res adjudicata and that the only matter before the jury is the item of damages to the plaintiffs and whether there is common liability, particularly because of the relationship of the plaintiff, Pauline Kincl, and the third-party defendant, John Kincl, and also the question as to whether there is direct liability on the part of the American Automobile Insurance Company.