Lester R. PRESSER, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

and

SIESEL CONSTRUCTION CO., Third-Party Defendant and Third-Party Plaintiff,

v.

WESTMONT ENGINEERING COMPANY, Third-Party Defendant.

No. 60–C–180.

United States District Court
E. D. Wisconsin.

June 4, 1963.

Irving W. Zirbel, Milwaukee, Wis., for plaintiff, Porter, Quale, Porter & Zirbel, Milwaukee, Wis., of counsel.

James B. Brennan, U. S. Atty., by William J. Mulligan, Asst. U. S. Atty., Milwaukee, Wis., for defendant, United States.

Kurt H. Frauen and Donald L. Johnson, Milwaukee, Wis., for third-party defendant, Siesel Const. Co.

Paul C. Konnor, Milwaukee, Wis., for third-party defendant, Westmont Engineering Co.

GRUBB, District Judge.

This is a motion by defendant, United States of America, and by the third-party defendant, Siesel Construction Company, for summary judgment. The pertinent undisputed facts, as shown by the exhibits attached to the motion papers, are as follows:

The plaintiff, Lester R. Presser, sued to recover damages for personal injuries he sustained on October 3, 1958, while working at a United States Nike Missile Base in Milwaukee County. At the time of his injuries, plaintiff was a foreman for Westmont Engineering Company (hereinafter referred to as "Westmont"). Defendant, United States, had contracted with Siesel Construction Company (hereinafter referred to as "Siesel") for certain remodeling work at the Nike site. Siesel subcontracted part of the work to Westmont. In the instant action, defendant, United States, has brought in Siesel as a third-party defendant, seeking indemnification, and Siesel in turn has brought in Westmont as a third-party defendant, seeking indemnification.

On August 7, 1959, plaintiff commenced an action in the Circuit Court of Milwaukee County against Siesel for damages for his personal injuries arising out of the same accident as alleged herein. In that action the following facts were found: The Nike site in question has three launching areas. Each includes a large underground magazine room, the floor of which is about eighteen feet beneath the surface of the ground. The Nike missile is carried on an elevator which moves from the magazine level to the ground level. When the Nike elevator is at the ground level, a pit is exposed in the floor of the magazine room.

During the course of his duties on the morning of the accident, plaintiff was in the magazine room, attempting to connect a welding machine to a power box. At that time the Nike elevator was at the ground level, shutting off the daylight. Plaintiff decided to get his flashlight which was on the elevator platform. In the darkness he walked to where the elevator would have been if it were at the magazine level. Unknown to plaintiff, the elevator was not there, and he fell into the unguarded pit, sustaining serious injuries.

Plaintiff's action in the Circuit Court was based upon two theories—one upon

defendant's negligent performance of its contract, and the other upon a violation of the Safe Place Statute in respect to three safety orders. The court granted a nonsuit as to the claim based on the Safe Place Statute, and the case went to the jury on the negligence claim. The jury found plaintiff causally negligent for his own safety and apportioned 40 per cent of the total negligence to the plaintiff and 60 per cent to Siesel. After certain motions, judgment was entered against Siesel for 60 per cent of plaintiff's damages, or $83,780.28. Siesel recovered against the impleaded defendant, Westmont, under its indemnity contract provision. The case was appealed to the Wisconsin Supreme Court which affirmed the judgment. See Presser v. Siesel Construction Co., 19 Wis.2d 54, 119 N.W.2d 405 (1963), wherein the above facts are recited in the decision of the Wisconsin Supreme Court. On March 4, 1963, plaintiff satisfied the judgment.

The motions of the defendant, United States, and the third-party defendant, Siesel, for summary judgment in the instant action are based on two grounds:

1. The complaint does not state a cause of action in that the particular Industrial Commission safety orders allegedly violated were expressly held inapplicable by the Wisconsin Supreme Court in the prior action; and

2. Plaintiff in the prior action sued one of the alleged joint tort-feasors for his injuries, reduced his claim to judgment in the amount of $83,780.28, received payment thereof, and has satisfied said judgment. Plaintiff is, therefore, barred from maintaining this action against another alleged joint tort-feasor for the same injuries.

With respect to the first ground, the allegations of plaintiff's complaint in the instant action are identical to the allegations of the second cause of action stated in the prior action. Briefly summarized, it alleges that the so-called "B Pit" of the Nike site where plaintiff was injured was a place of employment, and that defendant was an employer as defined in the Safe Place Statute; that plaintiff's injuries were caused by defendant's failure to furnish a safe place of employment in that the opening in the floor into which plaintiff fell was not guarded to prevent persons from being injured as required by General Order No. 55 of the Wisconsin Industrial Commission (2 Wis.Adm.Code, Sec. Ind 1.-52); and the shaftway of the elevator was not guarded as required by General Order Nos. 410 and 412 of the Wisconsin Industrial Commission (2 Wis.Adm. Code, Secs. Ind 4.10 and 4.12).

With respect to the alleged violations of these orders, the Wisconsin Supreme Court in the prior action—Presser v. Siesel Construction Co., 19 Wis.2d 54 at page 64, 119 N.W.2d 405 at page 410 (1963)—stated as follows:

"Plaintiff cross-appeals from the trial court's order granting a nonsuit to his second cause of action, which alleged Siesel as general contractor violated the safe-place statute in respect to three safety orders. The trial court correctly held the two safety orders from the elevator code, 2 Wis.Adm.Code, Sec.Ind 4.10 and 4.12, were not applicable. For some purposes the Nike elevator or hoist might be considered an elevator since it could be used as such. But the elevator code contemplates safety requirements of normal passenger and freight elevators and was not intended to apply to a military missile mechanism of the United States government. It would be stretching the word 'elevator' beyond the breaking point to apply the safety code to these facts.

"The other safety order, 2 Wis. Adm.Code, Sec.Ind 1.11, providing that pits, openings in floors, etc., shall be guarded, applies to finished buildings. Prior to the construction work the Nike site was under the sole control of the government. It was not then a place of employment because no persons were employed for profit. Assuming the site became a place of employment because

construction work was being done in its modification, the trial court correctly concluded that during the course of the modification the safety order did not apply and only the rules governing Safety in Construction, 3 Wis.Adm.Code, Sec.Ind 35.-001, applied. No breach of these rules is alleged."

The holding of the Wisconsin Supreme Court is directly applicable here and is the law of this case. Since plaintiff's cause of action herein is grounded solely upon alleged violations of the same orders relied upon in the prior action, the complaint must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff points out that the Federal Rules of Civil Procedure do not require that a complaint state "a cause of action." Rule 8(a) requires only that a pleading contain a short and plain statement of the claim. While this is technically correct, it has been stated in 2 Moore's Federal Practice (2d Ed.), Section 8.13, pp. 1704–1705:

"* * * While the Rules have substituted 'claim' or 'claim for relief' in lieu of the older and troublesome term 'cause of action,' the pleading still must state a 'cause of action' in the sense that it must show 'that the pleader is entitled to relief.' * * *"

Here it is clear that plaintiff is not entitled to relief since under the identical facts alleged herein, the Wisconsin Supreme Court affirmed a nonsuit by the trial court in the prior action.

The second ground for summary judgment presents an equally compelling reason why the complaint must be dismissed. It is well-settled law that an unsatisfied judgment against one joint tort-feasor does not bar an action against another, but where the plaintiff has satisfied a judgment against one, he is barred from proceeding against the other. He is entitled to only one satisfaction. Morse v. Modern Woodsmen of America, 166 Wis. 194, 164 N.W.

829 (1917); Jacob E. Decker & Sons v. Milwaukee Cold Storage Co., 173 Wis. 87, 180 N.W. 256, 14 A.L.R. 416 (1920).

Plaintiff contends that this rule does not apply here, since under Wisconsin's comparative negligence statute—Section 331.045, Wis.Stats.—his recovery was reduced by 40 per cent, the amount attributable to plaintiff's contributory negligence. He further contends that since the Safe Place Statute imposes a higher standard of care than that imposed at common law, his "measure of recovery" is different. Presumably this is intended to mean that plaintiff in the present action could possibly be found less than 40 per cent negligent and, therefore, could recover a greater share of his damages. This argument is not tenable. Even if the complaint had stated a valid claim under the Safe Place Statute, contributory negligence is still a defense. The Safe Place Statute does not create a new cause of action. As the court stated in Presser v. Siesel Construction Co., 19 Wis.2d 54 (1963), at page 65, 119 N.W.2d at page 411:

"* * * The theory of plaintiff's argument is a violation of a safety order somehow changes the nature of the cause of action and the liability of the defendant is not based on negligence. We have consistently held sec. 101.06 of the safeplace statute did not create a new cause of action for negligence but added on a greater degree of care than is required at common law. Lealiou v. Quatsoe (1961), 15 Wis. (2d) 128, 112 N.W.(2d) 193; Krause v. Veterans of Foreign Wars Post No. 6498 (1960), 9 Wis.(2d) 547, 101 N.W.(2d) 645; Ermis v. Federal Windows Mfg. Co., (1959), 7 Wis. (2d) 549, 97 N.W.(2d) 485. * *"

Further, the finding of the jury in the prior action that plaintiff failed to exercise ordinary care for his own safety, and that 40 per cent of the casual negligence was attributable to plaintiff, is res adjudicata in the instant action

even though defendant, United States, was not a party to that prior action. See Gorski v. Commercial Insurance Co. of Newark, N. J., 206 F.Supp. 11 (E.D. Wis.1962), where this court held that one who has had his day in court and has had an opportunity to fully litigate the issue of his negligence or freedom therefrom should not be permitted to relitigate that issue, even though the action involved different parties than the prior action. See also McCourt v. Algiers, 4 Wis.2d 607, 91 N.W.2d 194 (1958); Milwaukee Automobile Insurance Co. v. Felten, 229 Wis. 29, 281 N.W. 637 (1938); and Restatement, Judgments, § 96 (1942).

■ Moreover, it cannot be said that the satisfaction received was only a "partial" satisfaction. Plaintiff sued Siesel in the prior action for the entire amount of his damages and would have recovered the entire amount were it not for his contributory negligence. The verdict of the jury covered the damages for all of plaintiff's injuries. The general rule as stated in § 95, Restatement, Judgments, is applicable here:

"The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor."

The fact that plaintiff did not recover the full measure of his damages in the prior action because of his contributory negligence does not entitle him to maintain another action for the same injuries. The important fact is that he sought recovery against one tort-feasor who might have been found liable for the full amount of the damages. See comments "a" and "b," Restatement, Judgments, § 95.

For the foregoing reasons, the motions for summary judgment of the defendant, United States of America, and of the third-party defendant, Siesel Construction Company, must be and they hereby are granted. The clerk is directed to enter judgment in favor of the defendant, United States of America, and

the third-party defendant, Siesel Construction Company, and against the plaintiff, Lester R. Presser, dismissing the complaint on the merits and for costs of the defendant, United States of America, and the third-party defendant, Siesel Construction Company.