NORTHWESTERN NATIONAL CASUALTY COMPANY, Respondent, v. STATE AUTOMOBILE & CASUALTY UNDERWRITERS, Appellant.*

*May 8—June 6, 1967.*

---

\* Motion for rehearing denied, without costs, September 11, 1967.

For the appellant there was a brief and oral argument by *Lawrence M. Engelhard* of La Crosse.

For the respondent there was a brief by *Johns, Pappas, Flaherty & Harman* of La Crosse, and oral argument by *Robert D. Johns.*

HANLEY, J.  The defendant contends that the complaint is a demand for contribution and does not state

facts sufficient to constitute a cause of action. The plaintiff contends that the complaint, based on subrogation, states a cause of action for unjust enrichment.

A complaint must be given a liberal construction in favor of stating a cause of action when tested by demurrer. Secs. 263.07 and 263.27, Stats.; *Superior Plumbing Co. v. Tefs* (1965), 27 Wis. (2d) 434, 438, 134 N. W. (2d) 430; *Schlicht v. Thesing* (1964), 25 Wis. (2d) 436, 441, 130 N. W. (2d) 763.

The complaint in question did not allege the legal theory of the action, but the statutory requirement is only that the ultimate fact upon which recovery is sought be asserted. Sec. 263.03, Stats.

The plaintiff, in support of his position that the complaint states a cause of action in subrogation, cites *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. (2d) 390, 120 N. W. (2d) 70, and *Perkins v. Worzala* (1966), 31 Wis. (2d) 634, 143 N. W. (2d) 516.

In *D'Angelo, supra,* the plaintiff, an employee of Fred Olson Motor Service, was injured while unloading paper from a truck at defendant Cornell's place of business. Cornell's employee caused the plaintiff's injuries. Cornell had two insurance policies in force, a comprehensive liability and an automobile liability policy covering the negligent acts of its employees.

The comprehensive liability insurer (Employers Mutuals Liability Insurance Company) paid D'Angelo $120,-000 under a third-party-liability suit and, in exchange, received an assignment of rights of D'Angelo (which the court held to operate much like a release).

Employers Mutuals then cross-complained against the automobile insurance carrier on the ground that it was subrogated to the rights of D'Angelo and the carrier. This court held that a cause of action in subrogation was proper. The court in *D'Angelo, supra,* said at pages 399, 400:

"Subrogation is a well-known equitable action. *Defiance Machine Works v. Gill* (1920), 170 Wis. 477, 483, 175 N. W. 940. Subrogation may properly be applied when a person other than a mere volunteer pays a debt or demand which in equity and good conscience should be satisfied by another. The doctrine rests upon the theory of unjust enrichment."

In the instant case no impleader or third-party complaint was served on defendant State Automobile & Casualty Underwriters or its insured, Anderson. We do not think this omission operates to defeat the equitable action of subrogation.

In the *Perkins Case, supra,* this court said at pages 637, 638:

"Subrogation is an equitable doctrine, not dependent upon contract or privity, which is available when someone other than a mere volunteer pays a debt or demand which should have been satisfied by another. The purpose of the doctrine is to avoid unjust enrichment. On the basis of the pleadings these criteria are satisfied in the present case. Appellant American Casualty did not act as a mere volunteer in making the settlement with Woodards since appellant was potentially liable to him. And respondents would be unjustly enriched if appellant could not recover its payment to Woodards should Duhart be found to be 100 percent negligent."

In *Perkins, supra,* the insurance carrier of one car impleaded the insurance carrier of another car in an action by a passenger in the first car. The insurance carrier not only cross-complained for contribution but also for indemnification (the court held indemnification to mean subrogation).

In the instant case, plaintiff Northwestern National Casualty Company has paid the entire damage sustained by Neigbauer. Because of the potential liability to Neigbauer, plaintiff's settlement was not voluntary.

The jury has determined that defendant's insured is totally responsible for the accident. Defendant, there-

fore, has been unjustly enriched by the payment made by plaintiff. Defendant contends that plaintiff's complaint is a demand for contribution rather than subrogation. If this were so, plaintiff would be precluded from stating a cause of action in contribution because there would be no common liability, for it has been determined that respondent was free of negligence.

In the case of *Farmers Mut. Automobile Ins. Co. v. Milwaukee Automobile Ins. Co.* (1959), 8 Wis. (2d) 512, 519, 99 N. W. (2d) 746, it is stated:

". . . this court is of the opinion that, to recover on the basis of contribution, nonintentional negligent tortfeasors must have a common liability to a third person at the time of the accident created by their concurring negligence. . . ."

The arguments of defendant in regard to contribution are inappropriate.

The court will consider the issue of *res judicata* which was covered by the trial court in its memorandum decision and also covered by both parties in their briefs.

In the state of Wisconsin action in which both the plaintiff and defendant in the present action were parties defendant with adverse interests, the complaint alleged causal negligence on the part of both employees Boiteau, the deceased driver of the truck, and Rogness, the county employee. The question of negligence by both of these employees was litigated, and the final determination was that Rogness was not negligent at all and that the accident resulted solely from the negligence of Boiteau.

The plaintiff's position is that the determination is *res judicata* as to the issues presented in the case at bar insofar as liability is concerned, that the identical question is presented in this case and the same parties should not litigate the same question all over again.

Plaintiff cites the case of *McCourt v. Algiers* (1958), 4 Wis. (2d) 607, 91 N. W. (2d) 194, in support of his position.

In that case McCourt, the plaintiff, sued Algiers and his insurance carrier for damages received in an automobile accident. McCourt claimed that her freedom from negligence had previously been determined in an earlier federal court case [1] in which a passenger in her car had sued her insurance carrier which in turn had cross-complained against the driver and insurance carrier of the other automobile for contribution. The jury found her free of negligence.

This court held that the determination in federal court was *res judicata* in this case notwithstanding the fact that McCourt was not a party to the federal court case.

In its decision this court quoted from Restatement, Judgments, ch. 3, p. 293, sec. 68 (1), as follows:

"(1)   Where a question of fact essential to the judgment is actually litigated and determined by a valid and final judgment, the determination is conclusive between the parties in a subsequent action on a different cause of action. . . ."

It quoted from *Cohan v. Associated Fur Farms, Inc.* (1952), 261 Wis. 584, 597, 53 N. W. (2d) 788, as follows:

"The final adjudication is conclusive, in a subsequent action between the same parties, as to all matters which were litigated or which might have been litigated in the former proceedings." *Werner v. Riemer,* 255 Wis. 386, 403, 39 N. W. (2d) 457, 39 N. W. (2d) 917."

We believe the case at bar is stronger than *McCourt, supra.* Here both parties to this action were parties to the case initiated in the trial court by the state of Wisconsin. In State of Wisconsin v. Anderson, his insurer (the defendant here), Rogness and the plaintiff herein, the question of liability litigated therein is exactly the same as in the instant case.

---

[1] *Rude v. Northwestern National Casualty Co.* (7th Cir.), 245 Fed. (2d) 778. Court of appeals affirmed trial court.

Defendant State Automobile & Casualty Underwriters had full opportunty to litigate the material issues as to liability and apparently did so in the state of Wisconsin case.

The trial court apparently felt that in the case of Neigbauer v. Rogness and Northwestern National Casualty Company the plaintiff and defendant herein should have become adversaries. However, we see no reason why the failure of plaintiff and its insured to interplead or cross-complain against Anderson and his insurer should be fatal to a finding of *res judicata* when the second action did involve the same parties and the same issues.

The trial court in consolidating the three cases for trial did not change them into one case to be governed by one verdict. However, in the second case initiated by the state of Wisconsin, we have a verdict in regard to the liability issue and the same parties in the instant case were parties governed by that verdict.

The object of the second case brought by the state was to recover for damage to the bridge and, at first glance, seemingly did not involve the question of liability for Neigbauer's personal injuries. But in determining the liability for the bridge damage the jury necessarily determined the liability for Neigbauer's injuries. Only two parties were involved insofar as the question of liability was concerned. We do not see how the jury finding of liability for Neigbauer's injuries could be any different from the finding by the jury of causal negligence in regard to the damage to the bridge.

The trial court in holding that the defendant is not concluded by the verdict cited the case of *Connecticut Indemnity Co. v. Prunty* (1953), 263 Wis. 27, 56 N. W. (2d) 540. We believe the *Prunty Case, supra,* is distinguishable from the case at bar. The defendant Prunty, administratrix of the estate of Felix Prunty, was not a party nor was she impleaded in actions brought by Marie

C. Prunty, personally, and Metal Mending Products, Inc., against Vanden Berg and his insurer.

In *Prunty, supra,* the court stated at page 29:

". . . No judgment could have been rendered against the estate of Felix L. Prunty since it was not a party to those actions."

In the state of Wisconsin case judgment could have been rendered against either the plaintiff or the defendant based on the jury verdict as to negligence.

It is our conclusion that the complaint states a good cause of action and that the issues of negligence were *res judicata* in Rogness' favor by virtue of the verdict and judgment in the state of Wisconsin case.

The cause must be remanded since the reasonableness of the settlement is still open to question, and the trial court is directed to consider the issue of *res judicata* as determined by this opinion.

*By the Court.*—Order affirmed, and cause remanded for further proceedings in accordance with the opinion.

The following memorandum was filed September 11, 1967.

PER CURIAM (*on rehearing*). The original opinion in this case is amended by adding the following sentence to the last paragraph of the opinion and prior to the mandate: "The defendant will be free to raise additional issues not already determined by the trial court or by this court's opinion."