GORR, Respondent, vs. MITTLESTAEDT, Appellant.

*May 1 — May 21, 1897.*

*Dangerous place near traveled way: Liability of owner of premises for injuries: Intervening space.*

1. If there is a substantial space between the boundaries of a traveled way and a dangerous place on adjoining land, so that to reach such place a traveler must necessarily wander from or pass wholly outside of such way and become a trespasser, the owner of the premises is not liable for injuries to a traveler sustained by reason thereof.

2. Thus, where a private driveway, twelve feet wide, with well-defined boundaries, is situated over twenty feet from a cellar, the intervening space being occupied by a grass plot and piles of stone extending from the ends of the cellar nearly to the driveway, the owner of the premises is not liable for injuries received by a person traveling on the driveway by invitation, whose horse became unmanageable and caused the carriage to wholly leave the driveway and pass over the grass plot to the cellar.

Gorr vs. Mittlestaedt.

APPEAL from a judgment of the circuit court for Winnebago county: GEO. W. BURNELL, Circuit Judge. *Reversed.*

The defendant owned three lots on the west side of Main street in the city of Oshkosh. On the south side of the lots was an open cellar forty-five feet wide toward the street line, and extending west sixty-five feet. North of the cellar some distance, and back from the street, was a dwelling house. Back of the cellar was an office used by the defendant, and still further back was a large barn. On the side of the excavation toward the north there was no barrier, except that the wall extended above the surface of the ground about one foot. The house was occupied by a tenant by the name of Menz, with his family. From the street, north of and parallel with the cellar, and twenty to twenty-six feet from it, was a private driveway extending back to the barn. Such driveway was about twelve feet wide, and was used in going from the street to the house; also to the office and barn on the premises. Such way was for the use of all persons desiring to call at the office or to visit the Menz family. It was frequently used by the plaintiff before the accident, by invitation of the Menz family.

On the day of the accident there was a funeral at the house. Crape was hanging on the door. Plaintiff, pursuant to an invitation, express or implied, in a carriage drawn by one horse, drove up such private way to a point near the house, and was about to alight, when the horse became frightened, presumably by the crape on the door, causing him to back up, turn the buggy towards the cellar, and to continue to back till the vehicle, its occupants, and the horse, were precipitated into the excavation. The horse was so injured as to be worthless, the buggy was considerably damaged, and the plaintiff suffered some personal injuries. She brought this action to recover compensation therefor.

At the close of the evidence defendant's counsel moved for a nonsuit, which was refused. A special verdict was

Gorr vs. Mittlestaedt.

rendered to the effect that defendant was guilty of negligence which was the proximate cause of the injury; that plaintiff, when injured, was on the premises by invitation, was free from contributory negligence, and that her damages were $200. Defendant's counsel moved the court to set aside the verdict and for a new trial, which was denied. Both sides then moved for judgment. Defendant's motion was denied, and plaintiff's granted. Judgment was thereupon entered in plaintiff's favor, from which this appeal was taken.

*James Freeman,* for the appellant.

*F. W. Houghton,* for the respondent.

MARSHALL, J. The jury having found as a fact that plaintiff was using the private driveway, at the time of the accident, by invitation, the rule that where a licensee is injured by falling into an excavation on the land of another, over which he is passing by mere permission of such other, the licensor is not liable, does not apply. Actionable negligence springs from a violation of some positive duty which the person charged therewith owes to the injured person. In case of a mere permission by one for another to use his premises, no duty to guard the latter from danger of personal injury exists. Such permission only gives a right to enjoy the premises for such use as the licensee finds them. *Cahill v. Layton,* 57 Wis. 600; *Truax v. C., St. P., M. & O. R. Co.* 83 Wis. 547; *Dowd v. C., M. & St. P. R. Co.* 84 Wis. 105; *Peake v. Buell,* 90 Wis. 508. But where the owner of land invites another expressly or by implication to come upon his land, as by passing over a private way thereon, a different rule applies. He owes to such other the positive duty to use ordinary care to maintain such way in a reasonably safe condition for such use by persons in the exercise of ordinary care. Says the present chief justice, in *Peake v. Buell, supra,* quoting with approval from the opinion in the leading case of *Beck v.*

*Carter*, 68 N. Y. 283: "'Where the owner of land, expressly
or by implication, invites others to come upon his land, if
he permits anything in the nature of a snare to exist thereon,
which results in injury to one availing himself of the invita-
tion, and who at the time is exercising ordinary care, such
owner is answerable for the consequences.'" "But," con-
tinues the learned judge who delivered the opinion in *Beck
v. Carter*, "if, however, he gives but a bare license or per-
mission to cross his premises, the licensee takes his risk of
accident in using the premises in the condition in which they
are." Under the facts of this case the defendant could not,
consistent with the duty he owed to plaintiff, leave a dan-
gerous excavation unguarded in such close proximity to the
private driveway as to render it unsafe for persons to use,
in the exercise of ordinary care, without being responsible
for injuries happening to such persons so using the same, by
reason of such neglect.

It is claimed on the part of appellant that the driveway
was so far removed from the side of the open cellar that
the trial court should have directed a verdict in his favor
upon the ground that, as a matter of law, the distance was
too great to admit of a finding that it was in such close
proximity to the driveway as to render it unsafe. Ordina-
rily, whether a way is so rendered unsafe is a question for
the jury, but the distance of the dangerous place from the
course of travel, and the limits of the premises designed
therefor, may be such that different minds can come to no
other conclusion than that the condition of reasonable safety
which the law requires is not affected thereby. Then there
is no question for a jury, and the court should direct a ver-
dict for defendant on being requested so to do.

Obviously it is very difficult to say how far removed an
excavation must be from a traveled way in order that it
may conclusively appear not to be sufficiently close to render
the way dangerous, and the facts of each case must, neces-

sarily, largely govern, though there are some definite rules
governing the subject, establishing a limit beyond which a
jury should not be allowed to extend liability. In *Beck v.
Carter*, 68 N. Y. 283, the excavation was ten feet from the
established boundary of the thoroughfare. The premises
between the boundary and the excavation had been for a
long time commonly used by the public, and were essen-
tially a part of it, so that a person traveling outside of such
established boundary could not have been considered a tres-
passer. The court held that under such circumstances it
could not be said, as a matter of law, that the excavation
was so far removed from the thoroughfare as not to be in
dangerous proximity to it. In *Crogan v. Schiele*, 53 Conn.
186, a factory building was located back ten feet from the
sidewalk line. There was an area seven feet deep and two
feet wide out from the front wall of the building, con-
structed to admit light to the basement windows. The dis-
tance between the outer edge of the area and the sidewalk
line was eight feet. The sidewalk was paved with brick,
and the space on defendant's grounds between the walk and
the area was likewise paved, so that there was nothing to
indicate the division line between the public and private
ground, except that at each corner of the building there
was a fence extending out to the lot line. The court held
that whether the areaway was in sufficient proximity to the
sidewalk to render it unsafe, was a question of fact for the
jury. It will be noted that in both of these cases the space
outside the thoroughfare was in such condition as to natu-
rally lead persons to travel over it, substantially up to the
point of danger.

In *Hardcastle v. S. Y. R. & R. D. Co.* 4 Hurl. & N. 67,—
a leading English authority cited generally on this subject
and always with approval,— defendant owned a piece of
land adjoining a public footway. He maintained a reservoir
on such land, distant from such footway about fifteen feet,

Gorr vs. Mittlestaedt.

where it turned to the right.   The space between the foot-
way and the reservoir was a grass plat.   The location was
such that a person passing along the footway, if he con-
tinued on instead of turning at the proper place, would pass
from the footway onto and over the grass plat, and step off
a bank into the reservoir.   Plaintiff's intestate proceeded in
the manner indicated, and was drowned.   The question was
whether the defendant owed to the public the duty to main-
tain a barrier so as to guard against persons so leaving the
traveled way and proceeding into the place of danger.   The
court held that defendant was not liable; that the rule that
an abutting owner who so maintains a dangerous excavation
adjoining a traveled way that a person in the exercise of ordi-
nary care is likely, by a false step or by the sudden starting
of a horse, to be thrown into it, is liable to a person so in-
jured did not apply.   "When," said POLLOCK, C. B., "the
excavation is made some distance from the way, and the per-
son falling into it would be a trespasser upon defendant's land
before reaching it, the case is far different.   A man getting
off a road on a dark night, and losing his way, may wander
to any extent; and, if the question be for the jury, no one can
tell whether he is liable for the consequences of his act upon
his own land or not.   We think that the proper and true test
of legal liability is whether the excavation be substantially
adjoining the way, and it would be very dangerous if it were
otherwise,— if in every case it was to be left as a fact to the
jury whether the excavation were sufficiently near to the
highway to be dangerous.   When a person dedicates a way
to the public, there does not seem to be any just ground, in
reason and in good sense, that he should restrict himself in
the use of the land adjoining to any extent further than
that he should not make the use of the way dangerous to
the persons who are upon it and using it.   He gives no
license to the persons using the way to trespass upon ad-
joining lands; and if they, in doing so, came to misfortune,

we think they must bear it, and the owner of the land is not responsible."

In the foregoing we quote liberally from the *Hardcastle Case*, as it states the true rule which has been adopted generally in courts of this country, and has been frequently quoted with approval here, notably in *Klix v. Nieman*, 68 Wis. 271. The same principle was applied in *Binks v. S. Y. R. & R. D. Co.* 113 Eng. C. L. 244. There the side of the canal was twenty-four feet from the footway. The public were permitted to use the intervening space. Plaintiff's intestate accidentally left the footway on a dark night, passed over such space, fell into the canal, and was drowned. The court held that the rule of liability of landowners for dangerous places upon their premises near traveled ways is confined to where such dangerous places adjoin such ways so as to render them unsafe for persons lawfully using them. See, also, as to the general principle, *Wheeler v. Westport*, 30 Wis. 392; *Olson v. Chippewa Falls*, 71 Wis. 558; *Houfe v. Fulton*, 29 Wis. 296; *Slivitzki v. Wien*, 93 Wis. 460; and particularly *Fitzgerald v. Berlin*, 64 Wis. 203, and *Gramlich v. Wurst*, 86 Pa. St. 74, where the rule is stated thus: If the excavation is so far removed that the traveler must become a trespasser before reaching it, the landowner is not liable. Applying that rule, defendant was held liable in *Hadley v. Taylor*, L. R. 1 C. P. 53, where there was a hole on defendant's land within fourteen inches of the public way, and plaintiff, a traveler thereon, accidentally slipped and fell into the hole. Mr. Justice WILDE, citing *Beck v. Carter*, 68 N. Y. 283, said, in effect, that the test of whether a dangerous place is in such close proximity to the traveled way as to render it unsafe is whether a person may be injured from an accident happening on such way, or whether he must wander from the way before he is in danger. To the same effect are *Drew v. Sutton*, 55 Vt. 586, where there was an embankment six inches from the boundary of the traveled way, and

*Holmes v. Drew*, 151 Mass. 578, where a defective walk was constructed adjoining the public walk, so as to be apparently a part of it. In *Warner v. Holyoke*, 112 Mass. 362, where the dangerous place was fifteen feet from the public way, and was reached by the traveler diverging therefrom on a private way to the place of danger, the lower court instructed the jury, in effect, that there is no duty to maintain barriers except against dangerous places in such close proximity to the traveled way as to endanger the safety of persons traveling thereon; that no duty exists to maintain barriers to prevent travelers from straying from the highway; and when a person leaves the limits thereof, and proceeds twenty feet therefrom to the place of danger, and is injured, he cannot recover.

From the foregoing, to which abundance of authority might be added, it will be seen that where the dangerous place is so far removed from the boundaries of the premises designed for travel that a traveler thereon, in the exercise of ordinary care, is not liable to be injured, if in fact there is a substantial space between the boundaries of the traveled way and the dangerous place, so that to reach such place the traveler must necessarily wander from or pass wholly outside such traveled way, and become a trespasser, in order to reach the danger, then, as a matter of law, such place cannot be held to be substantially adjoining such way so as to render it unsafe, within the meaning of the rule governing the subject, and a verdict to the contrary by a jury cannot change the fact. Such fact being conclusive, it is the law as well, and not open to consideration by a jury.

Applying the foregoing to this case, a conclusion is easily reached. The driveway in question was twelve feet wide, graveled, and its limits well defined. The side nearest the open cellar was over twenty feet therefrom. Between the cellar and the driveway at the west end of the former was a pile of stone extending out to within a foot or two of the

driveway. On the opposite side, extending from the house nearly to the driveway, was also a pile of stone. There was a clear space of grass plat between the driveway and the cellar from twenty to twenty-five feet wide. The plaintiff's horse became unmanageable, and caused the carriage to wholly leave the driveway and pass across the grass plat to the point of danger. It would be as reasonable to hold the defendant liable if the horse had proceeded a hundred feet or more before the accident happened. To sustain the verdict would be to shift the misfortune from the person upon whom it first fell to another, without such other having violated any duty owing to such person. The verdict should have been directed in defendant's favor, as requested. The trial court erred in that regard, and erred later in not setting aside the verdict and granting a new trial on defendant's motion; and later erred in not granting defendant's motion for judgment in his favor notwithstanding the verdict.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

A review of the authorities as to liability for dangerous premises lying beside a highway or frequented path is found in a note to *Lepnick v. Gaddis* (72 Miss. 200), in 26 L. R. A. 686.— REP.