MARION MURDOCK, APPELLANT, v. JAMES PETERSEN AND EDNA PETERSEN, RESPONDENTS.

No. 4086

December 11, 1958.                    332 P.2d 649.

*Nada Novakovich,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

On this appeal we are concerned with the question whether one gratuitously performing services for a home owner at the owner's request and present in the home for that purpose, is an invitee of the owner or a mere licensee. We have concluded that under the facts of this case the visitor was an invitee.

This appeal is taken by the plaintiff below from judgment rendered in favor of defendant pursuant to jury verdict. Several assignments of error are made. We shall confine our consideration to one which we have concluded requires reversal. This error was in instructing the jury that plaintiff was a licensee and in applying to the case the standard of care owing to licensees by the owner of the premises.

The following instruction was given: "When the licensee's presence on the premises is known to the licensor, the licensor is bound to exercise ordinary care to avoid injuring the licensee; except, however, that the owner of premises is under no duty to a licensee to alter or repair the premises as they existed when the licensee entered. As to all conditions of such premises then existent, a licensee assumes the risks incident thereto."

Defendant was injured in an explosion occurring in Reno on February 5, 1957 and was confined to her bed as a result. She called plaintiff, a friend and neighbor, requesting plaintiff to come to defendant's home to help with the house work and in caring for her. For a period of some days thereafter plaintiff assisted defendant at

the latter's home. On February 9 at the defendant's home plaintiff was preparing dinner. She left the kitchen to go to the bathroom, took the door to the basement by mistake, fell down the stairs and sustained injuries. This action for damages was then brought.

Plaintiff contends that the platform at the top of the basement stairs was too small for safety and that in maintaining such a hazardous condition defendant was guilty of negligence. Considering the nature of the asserted negligence, the instruction given was in practical effect tantamount to an instructed verdict for the defendant. The jury was told that defendant was under no duty to the plaintiff to correct the condition. If the status of the plaintiff was that of an invitee rather than that of a mere licensee the instruction was error.

In support of the instruction defendant contends that plaintiff should be held to have occupied the same licensee status as an invited guest. She points to the fact that there were no business dealings between the parties and asserts that in absence of such dealings plaintiff must be held a gratuitous licensee. See Restatement of the Law, Torts, secs. 330–332.

In our view the existence of a business relationship cannot today be held to be essential to the status of invitee. It would, we feel, be grossly unjust to place plaintiff in an inferior position because she was willing, out of the goodness of her heart, to respond to defendant's call for help and to perform needed services for defendant's benefit without demanding compensation. She was a servant in fact, albeit a gratuitous one, and was as much justified in expecting a safe place to work as a servant for hire would have been. She is, then, entitled to occupy the same status. Nevada Transfer & Warehouse Company v. Peterson, 60 Nev. 90, 99 P.2d 633. See Prosser, Business Visitors and Invitees, 26 Minn. Law Rev. 573.

Reversed and remanded for new trial.

BADT, C. J., and EATHER, J., concur.