SMITH, Respondent, v. SHUDA, Appellant.*

*February 4—March 3, 1964.*

* Motion for rehearing denied, with $25 costs, on April 28, 1964.

630

For the appellant there was a brief by *Brazeau, Brazeau, Potter & Cole* of Wisconsin Rapids, and oral argument by *Richard S. Brazeau.*

For the respondent there was a brief and oral argument by *Norman L. Wanta* of Stevens Point.

BEILFUSS, J. Defendant contends that she was not negligent in that she violated no duty owed to the plaintiff.

The trial court properly instructed the jury on duties of the inviter to provide a reasonably safe place and to warn of dangers not known by nor apparent to the invitee. Instructions were also given on the invitee's duty to use reasonable care for her own safety.

As far as the negligence of defendant is concerned, she not only provided a waxed floor that constituted a hazard, but also actively provided and positioned a chair that would tip easily and directed that the plaintiff use it. The jury could well conclude that defendant was negligent.

The jury found, upon credible evidence, that both parties were causally negligent. We are traditionally reluctant to invade the province of the jury in apportioning causal negligence. Cases where we have done so are generally those in which the negligence of one party is coextensive with that of the other.[2] In the instant case plaintiff intended to use the

---

[2] See, for instance, *Langworthy v. Reisinger* (1946), 249 Wis. 24, 23 N. W. (2d) 482, where the sole causal negligence involved was complete failure of lookout on the part of both parties.

ladder and would have done so except for the direction of defendant to use the chair. Defendant also positioned the chair. The jury could fairly determine that the causal negligence of defendant was greater than that of plaintiff.

*By the Court.*—Judgment affirmed.