SCHLICHT and another, Appellants, v. THESING and another, Respondents.*

*October 2—October 27, 1964.*

---

\* Motion for rehearing denied, with costs, on December 21, 1964.

For the appellants there were briefs by *Leonard R. Chojnacki, Moen, Sheehan & Meyer* and *Leon E. Sheehan,* all of La Crosse, and oral argument by *Leon E. Sheehan.*

For the respondents there was a brief and oral argument by *Lawrence M. Engelhard* of La Crosse.

CURRIE, C. J.   On this appeal we only find it necessary to consider plaintiff's cause of action grounded on the theory that at the time of the accident she was an invitee and not a mere licensee.  In determining whether this portion of the complaint states facts sufficient to constitute a cause of action, we must resolve these two questions:

(1)  Was plaintiff an invitee?

(2)  If she was, does the complaint allege any breach of duty by defendants to her?

*Plaintiff an Invitee.*

While the amended complaint does not state that plaintiff was a relative of either defendant, the parties concede that

Mrs. Thesing is plaintiff's daughter so that the children with whom plaintiff was baby-sitting were her grandchildren. Neither does the amended complaint state whether plaintiff's services were gratuitous or whether they were to be compensated by defendants. We deem these factors to be immaterial on the issue of whether plaintiff was an invitee.

In *Smith v. Shuda* (1964), 22 Wis. (2d) 629, 126 N. W. (2d) 498, plaintiff, a married daughter, was helping her mother, the defendant, paint a kitchen in defendant's home at the latter's request. This court approved an instruction which stated the defendant's duties toward plaintiff to be that of an inviter. This holding completely negatives defendants' contention that a business relationship is essential to an inviter-invitee relationship, if by business relationship is meant a commercial enterprise.

A similar contention was expressly rejected by the Nevada court in *Murdock v. Petersen* (1958), 74 Nev. 363, 332 Pac. (2d) 649. There the injured plaintiff was gratuitously performing services in the home of a neighbor at the latter's request. In its opinion the court stated (at p. 365) :

"In our view the existence of a business relationship cannot today be held to be essential to the status of invitee. It would, we feel, be grossly unjust to place plaintiff in an inferior position because she was willing, out of the goodness of her heart, to respond to defendant's call for help and to perform needed services for defendant's benefit without demanding compensation. She was a servant in fact, albeit a gratuitous one, and was as much justified in expecting a safe place to work as a servant for hire would have been. She is, then, entitled to occupy the same status."

See also Restatement, Torts (2d), Tentative Draft No. 5, p. 59, sec. 332, Note to Institute; 2 Harper and James, Law of Torts, p. 1478, sec. 27.12; Prosser, Business Visitors and Invitees; 26 Minnesota Law Review (1942), 573.

We conclude that the allegation of the complaint that plaintiff was performing the baby-sitting services at the re-

quest of defendants was sufficient to establish her as their invitee, and not a mere social guest who would be a licensee.

### Breach of Duty Owed Plaintiff.

The plaintiff being an invitee, defendants owed her the duty of exercising ordinary care for her safety. *Gorr v. Mittlestaedt* (1897), 96 Wis. 296, 298, 71 N. W. 656. This court has long held that a landowner is liable for injuries to an invitee caused by reason of the unsafe condition of the premises known to the owner and which he negligently suffers to exist and of which the injured invitee has no notice or knowledge. *Flood v. Pabst Brewing Co.* (1914), 158 Wis. 626, 633, 149 N. W. 489; *Hupfer v. National Distilling Co.* (1902), 114 Wis. 279, 284, 90 N. W. 191; *Gorr v. Mittlestaedt, supra.*

In light of these general principles we search the complaint to ascertain if there are any allegations which spell out negligence on defendants' part. We start with the premise that plaintiff was unaware that one of the four doors in the hallway in the new addition to defendants' home opened on a flight of stairs descending to the basement. Three specific acts of negligence are charged against defendants in paragraph 12 of the amended complaint which reads:

"That the defendants were negligent toward the plaintiffs, particularly in the following respects:

"(a) In failing to warn the plaintiff, Edna Schlicht, of the existence of such basement stairway in close proximity to the bedroom and other doors in the hallway.

"(b) In failing to have said basement door locked.

"(c) In failing to have said hallway and the basement stairs sufficiently lighted."

We eliminate from consideration the allegation of subparagraph (b) that defendants were negligent in failing to lock the basement door. It would be imposing an unreason-

able requirement on homeowners to require them to lock basement doors every time a baby-sitter is employed in the household.

This leaves for consideration the allegations of subparagraphs (a) and (c). Because we must interpret the amended complaint liberally in favor of stating a cause of action, we construe the allegation of subparagraph (c) with respect to lighting as meaning that no adequate lighting facility was installed in the hallway, rather than a mere failure of defendants to have had an existing light turned on. This is crucial because if the hallway was equipped with an adequate electric light activated by a switch or pull cord, no negligence could be predicated on defendants' failure to have switched on such light before turning the premises over to plaintiff.

The owner of premises owes his invitee the alternative duty of either having his premises in a reasonably safe condition or of giving the invitee adequate and timely warning of latent and concealed perils which are known to the owner but not to the invitee. 38 Am. Jur., Negligence, pp. 754 to 756, sec. 96. ". . . when the condition contended to constitute an unreasonable risk is obvious to one in the exercise of ordinary care . . . there is no duty.on the owner or occupier to warn him." *Harbourn v. Katz Drug Co.* (Mo. 1958), 318 S. W. (2d) 226. Ordinary care requires that one turn on a provided light before proceeding into an unlighted unfamiliar area. If defendants provided adequate lighting facilities, plaintiff was required to use them. Use of the light would have made any danger arising from presence of the stairway obvious and consequently defendants would have had no duty to warn of such danger. Defendants, therefore, would not be answerable for dangers arising wholly from plaintiff's negligent conduct.

However, since the allegation of the amended complaint with respect to failure to have the hallway sufficiently lighted is subject to the interpretation that there were no adequate

lighting facilities in the hallway, we conclude that a cause of action is spelled out because of defendants' failure to warn plaintiff of the danger existing in the location of the basement stairway. Our holding in this respect is limited to determining that under the facts pleaded a jury issue is raised as to whether defendants were negligent in failing to give such warning to plaintiff. It is obvious that plaintiff failed to exercise reasonable care for her own safety but that would not bar her from recovery unless her negligence equaled or exceeded any found negligence on the part of defendants.

*By the Court.*—Judgment and order reversed, and cause remanded for further proceedings not inconsistent with this opinion.

GORDON, J. (*dissenting*). I must respectfully dissent. The majority opinion, in effect, holds that parents are obliged as a matter of law to warn their baby-sitter of the location of the basement stairway. Since stairs are the common and ordinary means of going from one floor to another, a householder should not be under a legal duty to describe their existence or explain their use.

In *Szep v. Robinson* (1963), 20 Wis. (2d) 284, 121 N. W. (2d) 753, we held that as a matter of law parents were not liable to a baby-sitter who ignited her clothing while using the electric stove. We recognized in that case, at page 291, that one would be liable to a baby-sitter "for any injuries sustained by the baby-sitter in the performance of her services, *when it is reasonable to foresee that harm will result.*"

The majority opinion properly rejects the baby-sitter's claim of negligence based upon the householder's failure to lock the basement door. This would be "an unreasonable requirement," says the majority opinion. In my view, it is

similarly unreasonable to require the householder to warn a baby-sitter as to the situs of the basement steps.

The majority opinion has adopted an interpretation of the following words of the complaint which are part of the plaintiff's claim as to the householder's negligence: ". . . failing to have said hallway and the basement stairs sufficiently lighted." These words are construed in the majority opinion to mean that there was no *means* of turning on a light. I am bewildered by this interpretation. If the plaintiff had intended to complain of the absence of a fixture or of the absence of any electrical installation, I believe she would have used different language than to have said simply that the hallway and stairs were not "sufficiently lighted."

I believe that we should affirm the trial court's order which sustained the demurrer.

I am authorized to state that Mr. Justice HALLOWS and Mr. Justice WILKIE join in this dissent.