Argued January 30, reversed and remanded March 17,
reconsideration denied April 17;
petition for review denied May 20, 1980 (289 Or 155)

## COYNE,
*Appellant,*
### *v.*
## CIRILLI,
*Respondent.*

### (No. 34447, CA 14680)

607 P2d 1383

James W. Walton, Corvallis, argued the cause for appellant. With him on the brief were Ringo, Walton, Eves & Gardner, and Joan M. Chambers, Corvallis.

Glenn H. Prohaska, Portland, argued the cause for respondent. With him on the brief was Day, Prohaska & Case, Portland.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

THORNTON, J.

## THORNTON, J.

This is an action for medical malpractice against defendant, a podiatrist, for negligent failure to diagnose and treat plaintiff's foot injury.

The jury found defendant 40 percent negligent and plaintiff 60 percent negligent.

On appeal, plaintiff assigns the following errors:

1) Striking plaintiff's second specification of negligence, namely that defendant negligently read the x-rays of the plaintiff's foot and misdiagnosed plaintiff's condition from x-rays.

2) Failure to strike defendant's allegation of contributory negligence in failing to consult another physician.

3) Failure to give a requested instruction:

"If, under all circumstances in exercise of ordinary care, a person can discern that his act will naturally and probably result in harm of some kind or another, but not necessarily foreseen as to exact form of injury, he is liable for the ensuing casualty."

4) Failure to give the Uniform Jury Instruction number 105.03 concerning the standard of care of a specialist.[1]

5) Giving a misleading instruction regarding imperfect results not being evidence of negligence.[2]

---

[1] Assignment of Error No. 4:

"A practitioner who holds himself out as having special knowledge, training or experience in a particular branch of medicine (or other healing art) is called a specialist. One who undertakes to provide professional services as a specialist for a patient has a duty to use that care, skill and diligence which would ordinarily be exercised by specialists in that branch of medicine (or other healing art) in his community under similar circumstances. A failure to use such care, skill and diligence is negligence."

[2] The challenged instruction was:

(Assignment of Error No. 5:)

"Now, I also instruct you the fact that if perfect or even good results were not obtained is not of itself any evidence that the defend-

6) Giving a misleading instruction regarding two or more possible causes of her condition.[3]

The essential facts are:

Plaintiff fell and injured her foot in June, 1975. The following day she consulted defendant, who examined her and took x-rays of her foot. He then informed plaintiff that her foot was not broken, that it was only strained. He strapped it and advised plaintiff to see her family physician, since defendant indicated that she would be returning shortly to Richland, Washington. Plaintiff denies that she so informed defendant or that she had any plans to go to Richland immediately.

Plaintiff testified that she went back to see defendant about a week later because her foot was still painful. Defendant stated that his records showed only one visit in 1975.

In May, 1977, plaintiff again went to see defendant, who recommended an orthotic brace in her shoe. In June, defendant again examined her foot and x-rayed it. Plaintiff asked defendant to examine the x-rays and see if he could find anything wrong on them. Plaintiff

---

ant was negligent. The condition of the plaintiff's foot when the defendant's treatment ceased is not to be considered by you as any evidence bearing on the question of defendant's negligence, if any."

[3] Assignment of Error No. 6:

"Now, when there are two or more possible causes of an injury, one or more which the defendant is not responsible, the plaintiff, in order to recover, must show by the evidence that the injury which she claims to have received was wholly or partly the result of the cause for which the defendant would be liable.

"If the evidence in the case leaves it just as probably the injury was the result of one cause as the other, then the plaintiff couldn't recover.

"*Exception:*

"We further except to the Court's giving to the jury the instruction in substance, Defendant's Requested No. 20, 'When there are two or more possible causes of an injury, one or more of which the defendant is not responsible.' The Court apparently paraphrased that instruction and we think that was inappropriate and except the giving of that instruction."

said defendant indicated that there was no problem with the foot.

Plaintiff again returned to see defendant in February or March, 1978, and asked him to look at the x-rays. She said that he indicated that she was going to have to have surgery, based on his 1978 reading of the 1977 x-rays. Plaintiff testified that based on this, she decided to consult with James Van Olst, a medical doctor. Dr. Van Olst took further x-rays and indicated that she had a fracture which would require surgery and bone grafting. Plaintiff testified that there had been no subsequent injury to her foot after the June, 1975, injury.

At trial, Dr. Van Olst testified that the fracture was the result of the original injury; that the original x-rays taken by defendant were inadequate to determine if there was a fracture; that defendant should have retaken those x-rays; that the original x-rays failed to meet the standards of care for x-rays in the community since there was insufficient penetration to be able to see the fracture; that the surgery he performed on plaintiff's foot became necessary because of defendant's failure to cast at the time of the fracture in 1975. Several other medical doctors also indicated that the x-ray films were inadequate.

Taking upon plaintiff's assignments in the order set forth above, we conclude as follows:

1) The trial court did not err in striking the second specification of negligence. The first specification of negligence was:

> "The defendant did negligently diagnose to plaintiff that she had a sprain of the right foot when, in fact, the plaintiff had a fracture."

As we view the second specification, that defendant misread the x-rays, it is fully encompassed in the first specification. Plaintiff concedes that all of her x-ray evidence was received and considered by the jury.

2) On the record before us, we can find no error in the court's refusal to strike defendant's allegation that plaintiff was guilty of contributory negligence in failing to consult another physician. There was a jury question as to plaintiff's contributory negligence. Although plaintiff and her husband denied that defendant had advised them to consult their family physician in Richland, defendant testified to this effect and was entitled to have his defense considered by the jury.

3) Likewise, on the record before us, we fail to see the relevance of the foreseeability instruction requested by plaintiff in this case. The trial court instructed on the issue of legal causation as follows:

"Now, the law requires that if you do find that the party was negligent you then have to consider whether or not the negligence was the cause of the injury. This is called the legal causation. The law defines causation as being an act or omission that causes damage if it does so in the direct or unbroken sequence that produces the injury. So, what the law is really saying, you have to determine whether or not the negligence was the cause of the injury, and in determining that you have to say did it in a direct and unbroken sequence produce the injury or the damage."

There can be no doubt that as an abstract proposition of law, foreseeability is an element of negligence, but here the jury found defendant 40 percent negligent. In view of this finding, we are at a loss to see how the failure to give plaintiff's instruction on foreseeability, although a correct abstract statement of law, could be construed as error.

4) We agree with plaintiff that she was entitled to the so-called "specialist" instruction, and that it was error to refuse to give it. A podiatrist by law is a "foot specialist," limited by law in the type of practice in which he may engage, ORS 682.010, namely, the treatment of the foot from the ankle down. A greater degree of skill is required from a medical practitioner who specializes.

5) We are of the opinion that the last portion of this instruction, namely, that the condition of the plaintiff's foot when the defendant's diagnosis and treatment ceased could not be considered as any evidence bearing on the question of defendant's negligence, was misleading. We say this because in the context of this case, a jury must of necessity consider the condition of plaintiff's foot at the conclusion of defendant's alleged misdiagnosis and treatment in determining whether defendant had been negligent. *See Malila v. Meacham,* 187 Or 330, 211 P2d 747 (1949).

6) As to plaintiff's exception to the instruction regarding two or more possible causes, there was evidence of other causes contributing to plaintiff's injury, including evidence that plaintiff had suffered an on-the-job injury in 1977. This was sufficient evidence on which to base this instruction.

Reversed and remanded.