JOHN MICHAEL STEVENS, ANN ELIZABETH STEVENS, JAMES EDWARD STEVENS, Minors, by Their Guardian ad Litem, Sherri Lynn Stevens, and SHERRI LYNN STEVENS, Surviving Widow of CHARLES A. STEVENS, Deceased, Appellants, v. MILLARD HENRY DUXBURY, M.D., Respondent.

No. 12095

October 26, 1981                    634 P.2d 1212

*Galatz, Earl & Biggar,* Las Vegas, for Appellants.

518

*Robert Sader,* Reno, and *Hardy, Erich & Brown,* Sacramento, California, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a denial of a motion for a new trial. The sole issue we consider is whether it was reversible error to instruct the jury regarding the standard of care applicable to a general practitioner rather than the standard appropriate for a medical specialist. We conclude that it was.

Appellants' decedent was admitted to the hospital for treatment of injuries resulting from the crash of a small plane. The admitting physician assigned respondent Duxbury, a specialist in internal medicine, to assist on the case. After several days' treatment, respondent was discharged by the patient's mother. Four days later, the patient died.

Appellants commenced this action for wrongful death. They charged that decedent had died from a pulmonary complication caused by respondent's negligence. Following a jury trial, a verdict was returned in respondent's favor.

During the settling of jury instructions, appellants' attorney requested that the jury be instructed as to the higher standard of care applicable to medical specialists.[1] The request was

---

[1] Appellants requested the following instruction:

> It is the duty of a physician or surgeon who holds himself out as a specialist in a particular field of medical, surgical, or other healing science, to have the knowledge and skill ordinarily possessed, and to use the care and skill ordinarily used by reputable specialists practicing in the same field.
>
> A failure to perform such duty is negligence.

denied; instead the trial judge instructed the jury regarding the standard of care to which an ordinary physician is held.[2] Appellants contend that the use of the latter instruction constituted reversible error.

We have previously held that an incorrect instruction concerning a duty or standard of care is a substantial error requiring a new trial. *See* Otterbeck v. Lamb, 85 Nev. 456, 456 P.2d 855 (1969); Murdock v. Petersen, 74 Nev. 363, 332 P.2d 649 (1965).

Both respondent and the trial judge have conceded that appellants' refused instruction correctly stated the law. Respondent argues, however, that the use of a lower standard was not prejudicial. His contention is based on the premise that the appropriate standard of care was never at issue during the trial. In support of this view, respondent notes that all expert witnesses were themselves internists. He further claims that since plaintiffs' counsel carefully specified the standard of care during his questioning, the jurors were properly informed.

We disagree with respondent. Appellants were clearly entitled to an instruction regarding a specialist's standard of care. Respondent was a specialist in internal medicine; it is uncontroverted that he was assigned to the case on the basis of his specialization. The alleged cause of death was directly related to respondent's field of expertise.

We further cannot agree that the refusal of the correct instruction was harmless error. It is true that all expert testimony at the trial came from internal medicine specialists; it is also true that plaintiffs' counsel stressed the correct standard of care to be applied. The record is replete, however, with instances of confusing, misleading and obviously incorrect characterizations of the law. For example, in examining a defense witness, defense counsel asked the following question:

---

[2]The trial court gave the following instruction:

In performing professional services for a patient, a physician or surgeon has the duty to have that degree of learning and skill ordinarily possessed by an ordinarily prudent physician.

It is his further duty to use the care and skill ordinarily exercised by an ordinarily prudent physician in similar circumstances and to use reasonable diligence and his best judgment and the exercise of his skill and the application of his learning in an effort to accomplish the purpose for which he is employed.

A failure to do so is a form of negligence that is called medical malpractice.

"Doctor, in the course of your practice and experience in the *medical community in this area,* have you become familiar with the concept of the standard of care that is expected of a *physician* attending patients *in this community?*" (Emphasis supplied.) Defense counsel's question was a misstatement of the applicable law. *See* Orcutt v. Miller, 95 Nev. 408, 595 P.2d 1191 (1979). In questioning plaintiff's expert, defense counsel asked, "Do you know what the legal definition is of the standard of care expected of a physician in private practice in Nevada?" Upon the witness's averment that he could not state the standard, counsel asked the following question: "[W]hen you render criticisms of another doctor, in your own mind are you equating the standard of care with optimal care or ordinary care?" In addition, he questioned one of plaintiff's experts as to whether or not a certain procedure was "routine . . . for all people in the Reno area to order. . . ."

Jury instructions are intended to provide "clear guidance" for the jurors. McPhee v. Reichel, 461 F.2d 947, 951 (3rd Cir. 1972). The purpose of a specific instruction on the appropriate standard of care for a medical specialist is to alert the jury that they must apply a higher standard. *Id.*

We find that instructing the jury on the wrong standard was prejudicial. The specialist's duty was in issue. Opposing counsel offered highly divergent characterizations of the appropriate law. Furthermore, it is not clear from the record that even the expert witnesses knew by which standard they were to evaluate respondent's conduct. Under these circumstances, we are not persuaded that the jury knew the correct legal standard to be applied.

Because of our disposition of this issue, we need not reach other objections raised by appellants. The order denying appellants' motion for a new trial is reversed.