951 F.2d 1259
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Vickie L. FREDERICK, Plaintiff-Appellant,
v.
Jack NOBEL, M.D., Defendant-Appellee.
 No. 90-2276.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals the judgment of the district court entered on a jury verdict for Defendant in Plaintiff's medical malpractice action. The only issue on appeal is whether the trial court correctly instructed the jury on the standard of care to which Defendant should be held.
 
 
 3
 Plaintiff, a resident of Connecticut, fell and cut herself in the area of her right armpit while skiing in New Mexico. She was taken to a hospital where she was seen by Dr. Peterson. Dr. Peterson, concerned with the arterial bleeding as well as the possibility of nerve damage, sent for Defendant, a board certified general surgeon. Plaintiff and her boyfriend both testified that Dr. Peterson indicated Defendant was a nerve specialist. Defendant treated Plaintiff in the emergency room and discharged her with the following diagnosis: "puncture, probably ski pole tip bruising, not cutting median nerve." Appellant's Supplemental App. at 66. When Plaintiff's condition did not improve, she sought treatment from a neurosurgeon in Connecticut who determined her median nerve had been severed and performed a nerve graft. Plaintiff sued Defendant for the damages she suffered as a result of his alleged malpractice.
 
 
 4
 Plaintiff tendered a proposed instruction based on New Mexico Civil Uniform Jury Instruction No. 13-1102 that stated in pertinent part as follows:
 
 
 5
 Dr. Nobel, holding himself out as a specialist in general surgery, including the diagnosis and treatment of nerve and hand injuries, and having undertaken to make diagnosis of, operate on and care for Ms. Frederick in this specialized field, was under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified specialists in the same field of medicine practicing under similar circumstances, giving due consideration to the locality involved. A failure to do so would be a form of negligence that is called malpractice.
 
 
 6
 Appellant's App. at 47. The trial court refused to give this instruction. Instead, it gave the jury an instruction based on New Mexico Uniform Civil Jury Instruction No. 13-1101 that provided in pertinent part as follows:
 
 
 7
 In treating, making a diagnosis of, and caring for the plaintiff, Dr. Nobel was under the duty to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified doctors of the same field of medicine as that of Dr. Nobel practicing under similar circumstances, giving due consideration to the locality involved. A failure to do so would be a form of negligence that is called malpractice.
 
 
 8
 Appellant's App. at 21.
 
 
 9
 Plaintiff argues on appeal that the evidence established that Defendant held himself out as a specialist in nerve and hand injuries and that the court therefore erred in refusing to give the jury her specialist instruction. "The giving or denial of instructions in a diversity action is tested under federal laws and rules. Under federal law, an instruction is proper if supported by competent evidence." Achin v. Begg Tire Ctr., 694 F.2d 226, 228 (10th Cir.1982) (citation omitted). Whether the evidence is competent to support the legal principle set forth in the instruction, however, depends on state substantive law. Id. Unfortunately, the parties do not cite, and we have been unable to find, any New Mexico cases concerning the propriety of giving a specialist instruction.
 
 
 10
 Plaintiff relies on several cases from a variety of other jurisdictions to support her argument that the trial court committed reversible error by refusing to give Plaintiff's proposed specialist instruction. See Valentine v. Kaiser Found. Hosps., 15 Cal.Rptr. 26, 33 (Cal.Dist.Ct.App.1961) (holding specialist instruction appropriate because resident in obstetrics and gynecology who had performed 600 to 800 circumcisions before performing one at issue "would, and should be expected to have more skill in performing such operations than would a general practitioner"), overruled in part on other grounds, Siverson v. Weber, 372 P.2d 97, 99 (Cal.1962); Gambrell ex rel. Eddy v. Ravin, 764 P.2d 362, 365 (Colo.Ct.App.1988) (holding question of fact existed as to whether defendant held himself out as specialist by advertising in Yellow Pages under heading "Family Practice Obstetrics and Pediatrics"), aff'd 788 P.2d 817 (Colo.1990); Larsen v. Yelle, 246 N.W.2d 841, 845 (Minn.1976) (holding that if general practitioner breaches duty to refer patient to specialist and undertakes treatment himself, he will be held to standard of care required of specialist); Aasheim v. Humberger, 695 P.2d 824, 826-27 (Mont.1985) (approving use of specialist instruction when defendant was board certified orthopedic surgeon); Stevens v. Duxbury, 634 P.2d 1212, 1214 (Nev.1981) (holding specialist instruction appropriate because "[r]espondent was a specialist in internal medicine; it is uncontroverted that he was assigned to the case on the basis of his specialization[; and] [t]he alleged cause of death was directly related to respondent's field of expertise"); Coyne v. Cirilli, 607 P.2d 1383, 1386 (Or.Ct.App.1980) (holding specialist instruction appropriate when defendant was by law a specialist).
 
 
 11
 Most of these cases are factually distinguishable, and none of them leads us to conclude that the trial court committed reversible error. First, although the court may have erred in not instructing the jury specifically that Defendant, as a board certified general surgeon, should be held to the standard of care of other general surgeons, the error was harmless. The record on appeal reflects that all the expert testimony concerned the standard of care of a general surgeon at minimum, the jury knew Defendant was a board certified general surgeon, and the jury was instructed to hold Defendant to the standard of care of "reasonably well-qualified doctors of the same field of medicine" as Defendant, which field was general surgery. Appellant's App. at 21. Under the circumstances, the jury undoubtedly held Defendant to the standard of care of a reasonably well-qualified general surgeon.
 
 
 12
 Second, although the evidence showed that Defendant had a special interest and ability in treating hand injuries, the court did not err in refusing to instruct the jury that Defendant specialized in hand injuries. The record on appeal is devoid of any evidence linking an expertise in treating injuries to the hand with an expertise in treating injuries of the type Plaintiff suffered. Plaintiff's injury merely affected her ability to use her hand; the actual wound was in her axilla, or armpit. The evidence showed that the axilla contains major muscles, arteries, veins, and lymph nodes that are not present in the hand and that exposing a nerve in the axilla for repair is much more complicated than exposing a nerve in the hand.
 
 
 13
 Third, the trial court did not err in refusing to instruct the jury that Defendant specialized in treating nerve injuries in general. Defendant's practical experience in repairing nerve injuries in the hand did not make him a specialist in repairing all nerves, and the evidence did not reflect that Defendant held himself out to either his colleagues, including Dr. Peterson, or Plaintiff as a specialist in treating nerve injuries in general. Furthermore, even if New Mexico were to adopt the rationale of the Minnesota cases Plaintiff relies on in arguing that Defendant should be held to the standard of care of a nerve specialist because he breached his duty to refer Plaintiff to a specialist, see Larsen v. Yelle, 246 N.W.2d at 845; Lane ex rel. Lane v. Skyline Family Medical Ctr., 363 N.W.2d 318, 321 (Minn.Ct.App.1985), that argument is unavailing here.
 
 
 14
 Neither Plaintiff's objection to the standard of care instruction the court gave, nor the language of the instruction she tendered to the court, was sufficient to make her argument based on the Minnesota cases abundantly clear to the trial court. See Weir v. Federal Ins. Co., 811 F.2d 1387, 1390 (10th Cir.1987). Plaintiff therefore failed to preserve this ground for appeal. See Fed.R.Civ.P. 51. Moreover, in concluding that Defendant did not commit malpractice as defined in the instructions, R.Vol. I at 92, the jury must have found that Defendant did not breach his duty to refer Plaintiff to a nerve specialist, because it was instructed that "[i]f a treating doctor knows, or should know, that a doctor with other qualifications is needed for the patient to receive proper treatment, it is the duty of the treating doctor to tell the patient," Appellant's App. at 22.
 
 
 15
 We conclude the district court did not commit reversible error in refusing to give the specialist instruction Plaintiff tendered. Therefore, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3