**LOT THIRTY–FOUR VENTURE, L.L.C., Plaintiff–Appellant and Cross–Appellee,**

v.

**TOWN OF TELLURIDE, Colorado, a municipal corporation, Defendant–Appellee and Cross–Appellant.**

No. 96CA2158.

Colorado Court of Appeals, Div.V.

June 11, 1998.

Rehearing Denied July 23, 1998.

Certiorari Granted May 17, 1999.

Herbert S. Klein & Associates, P.C., Herbert S. Klein, Aspen, Colorado, for Plaintiff–Appellant and Cross–Appellee

Alperstein & Covell, P.C., Edward M. Caswall, Denver, Colorado, for Defendant–Appellee and Cross–Appellant

Opinion by Judge PIERCE.*

Plaintiff, Lot Thirty–Four Venture, L.L.C., appeals from a summary judgment that found in favor of defendant on two of plaintiff's claims for relief and that dismissed three additional claims. We reverse and remand for further proceedings.

In June 1994, plaintiff acquired title to Lots 34 and 34B located within an AC–2 zone in the town of Telluride (Town). At the time plaintiff purchased the lots, the Town's Land Use Code applicable to the lots within this AC–2 zone allowed site coverage for development of up to a maximum of forty percent per lot or up to a maximum of fifty percent per lot if the subject development provided for its required parking by covering or enclosing such parking lot on site.

In June 1994, the Town Council adopted Ordinance 1007, which amended the Town's Land Use Code. This amendment reduced the allowable site coverage to thirty percent, or up to forty percent with covered or enclosed parking.

In enacting this amendment, the Town did not precisely follow the requirements of its amendment procedures in that its Planning Commission failed to provide the Council with specific findings of fact in support of the ordinance.

In September of 1994, the Council also enacted Ordinance 1011, which added affordable housing mitigation requirements for new developments within several zoning districts, including AC–2. Under this ordinance, new development must make provisions for affordable housing for forty percent of the number of employees generated by the development. The provisions of this ordinance apply to future development of lots in question.

A developer can satisfy the mitigation requirements by any one of four options. Two of the options require the developer to place affordable housing restrictions in a deed. If the developer chooses such an option, the units must thereafter be sold or rented to qualified persons subject to sale prices or rental rates established by the Town's affordability guidelines. Additionally, the deed must name the Town as an interested party in the deed restriction.

Plaintiff is the successor to certain entitlement agreements which previously defined its predecessor's obligations to provide affordable housing. These entitlement agreements required the predecessor to convey to the Town five lots from this subdivision. This requirement was complied with. Plaintiff takes the position that, through those agreements, it has already satisfied all of the

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and §24–51–1105, C.R.S.1997.

affordable housing requirements for lots 34 and 34B.

## I.

Plaintiff first contends that the district court erred in finding that the Town did not violate its procedural due process rights when it adopted Ordinance 1007 without strictly complying with its Land Use Code. We disagree.

■ Telluride is a home rule city as defined by Colo. Const. art. XX, §6, and therefore, we must look to the charter and ordinances of the Town to determine the proper procedures to be followed when amending its Land Use Code. *McArthur v. Zabka*, 177 Colo. 337, 494 P.2d 89 (1972).

■ It is not necessary that the Council strictly comply with all of its ordained procedures. Substantial compliance is all that is required, and only material departures that deprive a citizen of due process will result in nullification of an ordinance. *Sundance Hills Homeowners Ass'n v. Board of County Commissioners*, 188 Colo. 321, 534 P.2d 1212 (1975).

■ Here, the Town failed to adhere to its procedures in that the Planning Commission did not provide the Council with specific findings of fact to support the ordinance. We conclude, however, that this oversight was not a material departure and is insufficient to warrant nullification.

The Council did not proceed without guidance from the Commission. The Commission reviewed and recommended the approval of the ordinance. Ordinance 1007 itself sufficiently identified the reasons supporting its adoption, thereby providing the community with assurance that it was passed for legitimate reasons. Hence, the requirements of due process were met.

## II.

Plaintiff next contends that Ordinance 1011 violates §38–12–301, C.R.S.1997. We agree.

Section 38–12–301 provides:

The general assembly finds and declares that the imposition of rental control on private residential housing units is a matter of statewide concern; therefore, no county or municipality may enact any ordinance or resolution which would control rents on private residential property. This section is not intended to impair the right of any state agency, county, or municipality to manage and control any property in which it has an interest through a housing authority or similar agency.

Ordinance 1011 requires affordable housing mitigation for any new development of these lots. The developer can satisfy the mitigation by one of the following options: (1) constructing affordable housing units and deed restrict them to affordable housing; (2) purchasing existing housing units and restrict them by deed to affordable housing; (3) paying a cash fee in lieu of providing actual units; or (4) providing land or a combination of land and cash in lieu of providing actual units. The trial court found that the first two options result in a form of rent control by requiring that the units be restricted by deed to affordable housing and, thus, subject to the sales price or rental rates established under the Town's affordability guidelines.

■ The statute does not define "rental control." The rules of statutory construction require that we construe that term in such a manner as to further the General Assembly's intent in enacting the legislation. *See Golden Animal Hospital v. Horton*, 897 P.2d 833 (Colo.1995).

■ To discern the legislative intent, we must first examine the language of the statute, and unless the result is absurd, the words must be given their plain and ordinary meaning. *Snyder Oil Co. v. Embree*, 862 P.2d 259 (Colo.1993).

■ If the statutory language is clear and unambiguous, the statute should be applied as written. *Husson v. Meeker*, 812 P.2d 731 (Colo.App.1991). Nevertheless, we may also consider other indicia of legislative intent, such as the object to be attained, the legislative history, and the consequences of the particular construction. *City of Westminster v. Dogan Construction Co.*, 930 P.2d 585 (Colo.1997).

■ Transcripts of the proceedings before the House and Senate reveal that the enactment of §38–12–301, C.R.S.1997, arose from a concern that, if rent control were allowed on a broad class of housing statewide, investment in rental housing in this state would decrease significantly. The adoption of this type of control around the state could have such an effect. Therefore, the regulation of rent control is a matter of statewide concern, and the statute preempts the power of even home rule municipalities. *See U.S. West Communications, Inc. v. City of Longmont,* 948 P.2d 509 (Colo.1997); *City of Golden v. Ford,* 141 Colo. 472, 348 P.2d 951 (1960).

■ As noted above, the trial court found that the provisions of Ordinance 1011 were a form of rent control, but it nevertheless concluded they did not constitute the type of rent control contemplated by §38–12–301. We agree that they authorize rent control, but further conclude that the statute applies to the ordinance because the restrictions set out therein operate to reduce the number of options available to plaintiff in the use of its property from what it had agreed to under the previous agreements. Thus, because the ordinance is a rent control measure, it violated the statute.

■ The Town argues that the statute is unconstitutional. However, there is a presumption that statutes are constitutional. *Culver v. Ace Electric,* 952 P.2d 1200 (Colo. App.1997). To overcome that presumption, the Town must demonstrate the statute's invalidity beyond a reasonable doubt. *Dempsey v. Romer,* 825 P.2d 44 (Colo.1992). It has failed to do so.

### III.

We also agree with plaintiff's final contention that the trial court abused its discretion in dismissing the first, sixth, and eighth claims for declaratory relief.

■ The decision to grant an anticipatory declaratory judgment is within the sound discretion of the trial court and will only be overturned in the instance of an abuse of discretion. *Villa Sierra Condominium Ass'n v. Field Corp.,* 878 P.2d 161 (Colo.App.

1994). We conclude that there was an abuse of discretion here.

■ A declaratory judgment action is appropriate when the rights asserted by plaintiff are present and cognizable. *See Farmers Insurance Exchange v. District Court,* 862 P.2d 944 (Colo.1993). Plaintiff claims that Ordinance 1011 conflicts with entitlement agreements reached between the Town and plaintiff's predecessor in 1982, and asserts that those agreements establish its only affordable housing mitigation requirement and that the adoption of the new ordinance constitutes a breach of those agreements because it requires plaintiff to increase the amount of mitigation it is required to provide.

Here, a comparison of the rights of plaintiff before and after the passage of Ordinance 1011, as previously discussed, shows that the choices available to plaintiff for the use of its land are restricted. Because of this diminution, there is a justiciable controversy here.

The Town, however, has further argued that, because the land owner has not applied for a permit under Ordinance 1011, there is no such controversy as yet. We reject this argument; rather, we conclude there is a controversy and that plaintiff need not apply for a use permit before asking for declaratory relief. *See Board of County Commissioners v. Bowen/Edwards Associates,* 830 P.2d 1045 (Colo.1992).

Also, plaintiff had standing to pursue these remedies. *See Conrad v. Denver,* 656 P.2d 662 (Colo.1982); *People v. Ki Suk Grell,* 950 P.2d 660 (Colo.App.1997).

The judgment is reversed, and the cause is remanded for further proceedings in accordance with this opinion.

Judge MARQUEZ and Judge KAPELKE concur.